JOHN R. EMERY, FREDERIC W. STEVENS, EUGENE STEVENSON, LINDLEY M. GARRISON, EDMUND B. LEAMING, JAMES E. HOWELL AND VIVIAN M. LEWIS, VICE-CHANCELLORS.

---

HUDSON TRUST COMPANY

*v.*

FRANK O. BOYD and VINNIE BOYD, his wife.

[Decided September 5th, 1912.]

1. The court of chancery is a court of record; its records are perpetual memorials; they will not be opened and vacated without sufficient cause even upon application of the parties; a decree is pleadable in bar of another suit between the same parties for the same cause;

267

and, while a suit until decree is under the control of complainant and may be dismissed, with or without notice and costs accordingly as the defendant has or has not appeared and answered, nevertheless, after decree the proceedings are under the control of the court and will only be opened to let in a defence, prevent fraud or mistake, or otherwise further the ends of justice, and this whether the proceedings and decree have been enrolled or not, a decree being efficacious to all intents and purposes as soon as it is made; after decree in order to effectuate a settlement by the parties the proper practice is to stay proceedings and not to dismiss the bill;. a bill after decree will not be dismissed even with consent.

2. *Quære.* Is a decree in chancery of this state to be considered as *of record* before it is enrolled?

3. *Quære.* By the opening and vacation of a decree into which a debt formerly existing by specialty has been merged and thereby became a debt of record, would the debt by specialty, namely, the mortgage, thereby be revived?

---

On motion to open final decree, vacate enrollment and dismiss complainant's bill.

*Messrs. Smith, Mabon & Herr,* for the motion.

WALKER, CHANCELLOR.

This is an orderly foreclosure suit in which for want of appearance and answer by defendants a decree *pro confesso* and final decree was made and filed July 19th, 1912. The proceedings have been enrolled.

Complainant's solicitors have sent to the clerk an order to open the final decree, vacate the enrollment and dismiss the bill, "without costs and without prejudice," and it has been presented to me for signature. The "without costs," of course, means without costs against the complainant, because upon its application the clerk has already taxed a bill of costs in favor of the complainant and against the defendants in the sum of $91.68, and that sum was included in the execution which was issued and has been returned with the following endorsement: "The within execution is returned.into court never having been delivered to the sheriff. Smith, Mabon & Herr, solrs. of complt." The "without prejudice" obviously means without prejudice to another foreclosure of the same mortgage in event of a subsequent default by defendants.

The solicitors were notified to file a warrant of satisfaction and replied that they cannot do so because the decree has not been satisfied, but that an adjustment has been reached between the complainant and the defendants by which the interest has been paid and the mortgage is to be continued. They are silent on the question of costs of foreclosure, but I assume they have been paid or secured.

Now, the mortgage is very effectually continued when merged into a decree of foreclosure, which can be enforced by execution at any time within twenty years (on notice to defendant after the lapse of six years), and, under the terms of the decree, the defendants are not foreclosed of the equity of redemption until the premises are actually sold by virtue thereof.

In fact when merged into a decree the debt which before was one by *specialty* becomes one of *record*. A debt of record, says Blackstone, is a contract of the highest nature, being established by the sentence of a court of judicature. *2 Bl. Com. 465.* A debt of record is a sum of money which appears to be due by the evidence of a court of record. *2 Words & Phrases 1891.* See, also, *New Jersey Insurance Co. v. Meeker, 37 N. J. Law (8 Vr.) 282, 301.* A judgment debt is one which is evidenced by matter of record. *Bouv. Dict. (Rawle's rev.) 513.* A debt by specialty is a sum of money due or acknowledged to be due by deed or instrument under seal. *2 Bl. Com. 465.*

I am aware that the practice here sought to be put in force has obtained to some extent in the court. Solicitors have sent in similar orders and they have gone through *pro forma*. There is, however, no warrant for such practice and it will be discontinued.

A suit until a decree entered is under the control of the complainant, and before answer filed he may dismiss his bill at any time without payment of costs, but after an answer has been put in the bill can only be dismissed upon notice and payment of costs. *Corb. N. J. Ch. Rules 144; Chancery rule 115a,* and cases cited. See, also, *Dick. Ch. Prec. (revised ed.) 140, note a.*

After decree the proceedings are under the control of the court, and will only be opened in order to prevent fraud or mistake. *Consolidated Electric Storage Co. v. Atlantic Trust Co., 50 N. J. Eq. (5 Dick.) 93.*

As I understand it, the court will not for any cause vacate the enrollment and open a decree regularly made except to let in a defence. *Brinkerhoff* v. *Franklin, 21 N. J. Eq. (6 C. E. Gr.) 334, 336; Cawley* v. *Leonard, 28 N. J. Eq. (1 Stew.) 467.*

The court of errors and appeals, in *Day* v. *Allaire, 31 N. J. Eq. (4 Stew.) 303,* observed (at *p. 315*) that "the court of chancery has discretionary power, even after enrollment, to open a regular decree obtained by default, for the purpose of giving the defendant an opportunity to make a defence on the merits, where he has been deprived of such defence, either by mistake or accident, or by the negligence of his solicitor."

Decrees, as I understand it, are only opened for specified and limited purposes, remaining in existence and efficacy for all other purposes. What the complainant here desires to do is to vacate, and therefore practically annihilate the whole record. If that were done what its effect would be upon the debt due to the complainant I am not prepared to say. It suggests this inquiry : By the opening and vacation of a decree into which a debt formerly existing by specialty has been merged and thereby become a debt of record, would the debt by specialty, namely, the mortgage, thereby be revived?

It here becomes of some importance to ascertain the difference, if any, between a decree filed and one enrolled.

In England a decree in chancery does not, strictly speaking, become a record of the court until it has been enrolled. *Dan. Ch. Pl. & Pr. \*1018.* An enrolled decree is pleadable and can only be reversed, altered or explained upon appeal to the house of lords or upon a bill of review. *Ibid. \*1024.* A party wishing to have it reheard must take steps to prevent enrollment by caveating against it. *Ibid.*

Our practice·appears to be different, and with us an enrolled decree may be amended in this court in a proper case without a bill of review or a rehearing. *Lynde* v. *Lynde, 54 N. J. Eq. (9 Dick.) 473.*

In the *Lynde Case* the alteration of the decree was sought by the complainant. In most cases it is sought by the defendant. In all cases application therefor is only considered· upon notice and an opportunity afforded the adverse party to be heard.

In England, until a decree has been enrolled and thereby becomes a record, it may be altered by the court that made it upon a rehearing; but an enrolled decree is not susceptible of such alteration except by the house of lords on appeal, or by a bill of review. *Dan. Ch. Pl. & Pr. *1019.* A decree which has not been enrolled, although it is final, is considered merely interlocutory and cannot be pleaded in bar of another suit for the same matter. *Ibid. *1019.* No appeal lies to the house of lords against a decree or order in chancery until it has been enrolled. *Ibid. *1492.*

Our Chancery act provides, in section 39 (*1 Comp. Stat. p. 425*), that when any cause shall be finally determined, except where a suit, bill or proceeding shall be dismissed by consent, the clerk shall enroll the proceedings and decree; and in section 41, that the clerk shall make the enrollment so that the record may be ready for the chancellor's signature within three months after the filing of the decree.

Rule 101 of our court provides that no final decree shall be enrolled until the expiration of ten days, unless its form has been settled by the chancellor or vice-chancellor upon proper application, nor the enrollment signed by the chancellor within that time without special order; and rule 102, that every party who may be affected by any order or decree not settled by the chancellor or vice-chancellor upon application, shall be held to have waived all objection to the form thereof, unless he file his objection within ten days of the filing of the order or decree.

By direction of Chancellor Williamson, April 2d, 1827, it was provided:

"Decrees shall be enrolled in all cases where a decree has been rendered, or an order of dismissal had, or any order in the nature of a decree which determines the suit, whether such suit concerns real or only personal estate." *Extract from clerk's book, Nix. Dig. 239.*

Our constitution establishes the court of chancery in this state, and, therefore, our decree in chancery, its enrollment and effect, are the same as those of its English prototype, except as altered by our statute and rules of court, and, I presume, by general practice also.

Thus the decree of our court is not of record until it is enrolled, unless our Chancery act or some rule of court makes it so. I am unable to find any statute or rule which in terms makes a decree *of record* without enrollment. While in England, as already shown, a decree cannot be appealed from unless it is of record; nevertheless, by virtue of our Chancery act, section 111 (*Comp. Stat. p. 450*), provision is made that an appeal from a final decree shall be taken within one year "after making such decree." This, of course, is entirely exclusive of any enrollment, as the clerk has three months within which to make up that record; and, besides, if the statutory provision was that an appeal should lie from an enrolled decree only, it would have so stated. Furthermore, our decrees become effective immediately upon their being signed, and they may be enforced by execution, subject to rules and practice, without waiting for any enrollment. See *rule 149*.

While these provisions do not make a decree "of record" before enrollment, they show that a decree with us from the time of its being made, and before enrollment, has all of the force and effect that a similar decree has in England as well after as before it is enrolled. Whether in view of our statutory provisions and rules of court a decree is to be considered as of record before it is enrolled, is a question that does not now call for decision, nor is it here decided. It is in any aspect immaterial.

The court of chancery of this state is certainly a court of record. It comes within Blackstone's definition of such a court. He says:

"A court of record is that where the acts and judicial proceedings are enrolled on parchment for a perpetual memorial and testimony; which rolls are called the records of the court, and are of such high and supereminent authority that their truth is not to be called in question. For it is a settled rule and maxim that nothing shall be averred against a record, nor shall any plea, or even proof, be admitted to the contrary. And if the existence of a record be denied, it shall be tried by nothing but itself; that is, upon bare inspection whether there be any such record or not; else there would be no end of disputes. But, if there appear any mistake of the clerk in making up such a record, the court will direct him to amend it. All courts of record are the king's courts, in right of his crown and royal dignity, and therefore no other court hath authority to fine or imprison; so that the very erection of a new jurisdiction with the power of fine or

imprisonment makes it instantly a court of record. A court not of record is the court of a private man; whom the law will not intrust with any discretionary power over the fortune or liberty of his fellow-subjects. Such are the courts-baron incident to every manor, and other inferior jurisdictions; where the proceedings are not enrolled or recorded; but as well their existence as the truth of the matters therein contained shall, if disputed, be tried and determined by a jury." *3 Bl. Com. 24.*

This court will jealously guard its records and will see to it that they are only opened and vacated when the ends of justice require it. They will never be opened for insufficient cause even upon application of the parties.

A final decree of this court when made and filed is certainly as much of a judgment as is a final judgment of a court of common law a judgment of such court. It is so provided in the Chancery act. *Comp. Stat. p. 425 § 44.*

While there are marked distinctions between judgments of courts of law and decrees of courts of equity, nevertheless, in fact, the final decree of a court of equity is now often alluded to as its judgment, the word "judgment" being used as synonymous, whether applied to a decree in chancery or a judgment at law. *Bour. Dict. (Rawle's rev.) 521.*

"A decree of this court is a judgment from its date." *Hazen* v. *Durling, 2 N. J. Eq. (1 Gr. Ch.) 133* (citing *4 Johns. Ch. 625*).

A decree for alimony or support is as much a judgment as if it had been obtained in a common law court. *Bennett* v. *Bennett, 63 N. J. Eq. (18 Dick.) 306, 308.*

The supreme court of this state, in *Heckscher* v. *Middleton, 54 N. J. Law (25 Vr.) 312,* held that a judgment entered upon a *cognovit* will not be opened because of a verbal promise alleged to have been made at the time of giving the *cognovit* that the judgment would never be enforced. In that case Judge Reed, speaking for the supreme court, said:

"It was a common practice to enter into an agreement at the time of confessing the judgment, by which the defendant should have time or terms of payment. This agreement was made as a part of the *cognovit.* The court would then see that the terms were performed. *1 Tidd 560.*

"No case can be found, I am sure, in which the agreement was that the judgment confessed should be a nullity, as in this case."

The case under consideration is somewhat analogous to that of *Hecksher* v. *Middleton*. In that case, because at the time of giving a *cognovit* the defendant was promised that judgment would not be enforced against him, which promise was violated by the issuance of an execution, the defendant moved to open the judgment and to be allowed to plead to the action. In this case a final decree by default has been entered against the defendants; and now, upon the representation by the complainant's solicitors that an adjustment has been made between the parties whereby the mortgage is to be continued, it is moved in effect that a decree thus entered should be treated as a nullity, as was agreed in reference to the judgment in the *Hecksher Case*.

A decree of this court may be rendered null only in favor of the party against whom it is entered, and then only by filing a *warrant* of satisfaction in case the decree is for the payment of money as on foreclosure or for some other cause for relief, or by entering an *order* for satisfaction where the decree is one enjoining the performance of specified acts, and not by opening the decree, vacating the enrollment and dismissing the bill. Such a proceeding would be entirely anomalous, unless for the purpose of letting in a defence. See the forms of warrant for satisfaction and order for satisfaction of decrees in *Dick. Ch. Prec. Supp.* (*1911*) *183, and notes a and b*.

As already stated, the complainant's solicitors in the matter *sub judice* represent to the court that the decree has not been satisfied, but that an adjustment has been made whereby the mortgage is to be continued. Now, the defendants can be amply protected on this adjustment by a written undertaking from the complainant or its solicitors, and if the complainant should violate the agreement, the court, on application, will protect the defendants and see to it that the terms are performed. See *Hecksher* v. *Middleton, ubi supra*.

The defendants are not here asking to have this record nullified, and if such action should be taken in their absence and without their knowledge, and if the mortgage, which is the basis of this suit, should be again foreclosed upon a subsequent default,

and the defendants should plead a former recovery and decree against them to save themselves the vexation of another foreclosure and the payment of a second bill of costs, I opine they would be astonished by a reply of *nul tiel* record by complainants. I am unwilling to put them in this possible dilemma.

· The proper practice after final decree to effectuate any settlement arrived at between the parties is to stay proceedings and not to dismiss the bill. Several English cases so decide. I think it is the only allowable practice.

In *Lashley* v. *Hogg, 11 Ves. 602,* Lord Chancellor Eldon held that after decree the bill cannot be dismissed by consent; but an arrangement for disposing of the fund may have effect on farther directions.

In *Bluck* v. *Colnaghi, 9 Sim. 411,* Vice-Chancellor Shadwell held that after a decree or decretal order, not directing inquiries merely, has been made, the bill cannot be dismissed.

In *Egg* v. *Devey, 11 Beav. 221,* Lord Langdale, master of the rolls, held that after decree for an account the bill cannot be dismissed even with consent; but the proper order is to stay all the proceedings.

The above views lead to these conclusions: The court of chancery is a court of record; its records are perpetual memorials·; they will not be opened and vacated without sufficient cause even upon application of the parties; a decree· is pleadable in bar of another suit between the same parties for the same cause; and, while a suit ·until decree is under the control of complainant and may be dismissed, with or without notice and costs ·accordingly as the defendant has or has not appeared and answered, nevertheless, after decree the proceedings are under the control of the court and will only be opened to let in a defence, prevent fraud or mistake, or otherwise further the ends of justice, and this whether the proceedings and decree have been enrolled or not, a decree being efficacious to all intents and purposes as soon as it is made; after decree, in order to effectuate a settlement by the parties, the proper practice is to stay proceedings and not to dismiss the bill; a bill after decree will not be dismissed even with consent.

The pending motion must be denied.