In re Natalie S. PAVELKA, Debtor.

Richard R. RUMCHAKS, Administrator of the Estate of Bernice Sanders, Deceased, Plaintiff,

v.

Natalie S. PAVELKA, Defendant/Debtor,

and

James R. Leonard, Jr., Esquire, Defendant/Trustee.

Bankruptcy No. 86–01050T.
Adv. No. 86–0619T.

United States Bankruptcy Court, E.D. Pennsylvania.

Oct. 27, 1986.

Barry A. Solodky, Lancaster, Pa., for plaintiff.

Patricia L. Kotchek, Lancaster, Pa., for debtor.

## ORDER

DAVID A. SCHOLL, Bankruptcy Judge.

AND NOW, this 27th day of October, 1986, it is ORDERED that the Motion of Natalie S. Pavelka to Dismiss the Plaintiff's Complaint to Determine Dischargeability of Debt is hereby DENIED.

The last day for timely filing of the plaintiff's Complaint was July 1, 1986. The Court per review of the pleadings and independent research, has ascertained that the filing of the Complaint occurred as follows:

1. On or about June 26, 1986, the Plaintiff mailed the Complaint addressed to: "Clerk, Bankruptcy Court, etc.," but addressed the covering letter to "2609 U.S. Courthouse," which is the address of the Clerk of the District Court, not the Bankruptcy Court, the address of the Clerk of which is 3726 U.S. Court House.

2. On July 1, 1986, the covering letter was stamped in as received by the District Court Clerk's Office. Thus, the letter and Complaint were received by that office on July 1, 1986.

3. When that Office discovered that the Complaint related to a bankruptcy case, the Complaint and covering letter were forwarded to the Clerk of the Bankruptcy Court, and the letter was stamped in on July 2, 1986, and filed in that Court on that date.

The question to be resolved is what constitutes filing. As long as papers to be filed have "reach[ed] the Clerk's Office by the deadline date," filing has occurred in timely fashion. 12 J. MOORE, FEDERAL PRACTICE, ¶ 5.11, at 5–41 (2d ed. 1986). *See Freeman v. Giacomo Costa Fu Andrea,* 282 F.Supp. 525, 526, 528 (E.D.Pa. 1968) (per FULLAM, CH.J.) (Counsel's arrival at courthouse on Saturday afternoon constitutes filing); and *Hetman v. Fruit Growers Express Co.,* 200 F.Supp. 234, 237 (D.N.J.1961) (action filed when papers were received in Clerk's post office box).

The Eastern District of Pennsylvania presently has a consolidated Clerk's Office, i.e., the Office of the Clerk of the Bankruptcy Court is part of the Office of the Clerk of District Court. Therefore, receipt of the Complaint by the Clerk of the District Court on July 1, 1986, constitutes filing. Thus, the Complaint was timely filed on July 1, 1986, and the Motion to Dismiss must be denied.