**In the Matter of James L. BROWN.**

**James L. BROWN, Plaintiff,**

**v.**

**The NATIONAL STATE BANK, New Jersey Equitable Realty Company Pension Trust, as Amended, and the Sheriff of Essex County, Defendants.**

**Bankruptcy No. 86–01677C.**
**Adv. No. 86–0298.**

United States Bankruptcy Court,
D. New Jersey.

March 23, 1987.

As Amended April 20, 1987.

Timothy Weeks, Newark, N.J., for plaintiff.

Edward Casel, Willingboro, N.J. by Dona C. Bass, Wayne, N.J., for Nat. State Bank.

Booth, Kenny, Dougherty & McKenna by John McKenna, Roseland, N.J., for New Jersey Equitable Realty Co. Pension Trust.

Denise P. Coleman, Newark, N.J., for Sheriff of Essex Co.

### OPINION

VINCENT J. COMMISA, Chief Judge.

The matter presently considered by this Court originated on June 4, 1986 where James L. Brown, the debtor herein, filed a Complaint in the United States Bankruptcy Court to revoke the transfer of certain realty, which the debtor claims was property of the bankruptcy estate. Accordingly, the debtor complains that the foregoing transfer violated Section 362 of the United States Bankruptcy Code (hereinafter the Code). In his prayer for relief the debtor asks this Court to:

A) Declare the real estate to be property of the debtor's estate;

B) declare the subject transfer of title to debtor's real estate in violation of 11 U.S.C. § 362;

C) revoke the transfer of title to debtor's real estate;

D) revest the debtor with title to the subject real estate by allowing the debtor to invoke the provisions of Section 1322 of the Code to revive, deaccelerate and cure all defaults in

the mortgage which was foreclosed upon.

Additionally, it should be noted that Mr. Brown's Chapter 13 plan proposes to cure, under § 1322 of the Code, all mortgage arrears over a period of approximately 53 months.

This Opinion, based upon the record before the Court, shall constitute this Court's Findings of Fact and Conclusions of Law pursuant to Bankruptcy Rule 7052.

On September 12, 1974, the debtor-plaintiff executed a mortgage on his residence located at 45 Newfield Avenue, East Orange, New Jersey in the principal amount of $26,900.00. The Defendant, National State Bank, was the first mortgagee on said premises. From the inception of the mortgage obligation the debtor made regular payments on the mortgage up until June of 1984. At that time the debtor fell into arrears and on September 4, 1985 National State Bank (NSB) recovered a judgment of foreclosure from the Superior Court of New Jersey.

Pursuant to that Judgment, a Writ of Execution was forwarded to the Essex County Sheriff which commanded the Sheriff to sell the foreclosed premises for the sum of $26,952.44 together with costs which were taxed in the amount of $1,097.60. On March 11, 1986, the Sheriff conducted a foreclosure sale on the premises in question and sold said real estate to New Jersey Equitable Realty Company Pension Trust (N.J. Equitable) for the sum of $31,400.00.

On March 20, 1986, nine days after the Sheriff's sale, the debtor filed a Chapter 13 petition in this Court. On June 4, 1986, the debtor filed the present Complaint to revoke the transfer of property to N.J. Equitable. In sum, the debtor contends that where a debtor files his Chapter 13 petition within the ten (10) day right of redemption period provided by New Jersey law, the debtor may avail himself of the provisions of § 1322 of the Code to set aside a foreclosure sale, reinstate the old mortgage and cure any and all mortgage defaults which led to the foreclosure. While the plaintiff's contention is enticing, it must fail as a result of New Jersey's utilization of the merger doctrine.

Absent a specific directive from Congress, the determination of property rights must be arrived at in accordance with applicable State law. Indeed, the Supreme Court of the United States opined in the case of *Butner v. United States* that:

> Property rights are created and defined by state law. Unless some Federal interest requires a different result, there is no reason why such interest should be analyzed differently simply because an interested party is involved in bankruptcy ...

*Id.* 440 U.S. 48, 55, 99 S.Ct. 914, 918, 59 L.Ed.2d 136 (1979). Accordingly, this Court will apply New Jersey law in its determination of whether or not the debtor retained any right in the foreclosed mortgage after Judgment was rendered.

The purpose of a foreclosure action is to determine the right to foreclose and the amount due on the mortgage, to give the purchaser at a foreclosure sale the title and estate acquired by the mortgagee, as well as the estate of the mortgagor at the time the mortgage was executed, free from subsequent encumbrances. *Central Penn Nat. Bank v. Stonebridge Ltd.*, 185 N.J.Super. 289, 448 A.2d 498 (Ch.1982).

Under New Jersey law every mortgagor is possessed of an "Equity of Redemption" which stems from the mortgage itself and the common law. Pursuant to the right aforesaid, the mortgagor is cloaked with the authority, subsequent to default, but prior to a judgment of foreclosure, to perform his obligation under the mortgage and have title to his property restored free and clear of the mortgage obligation. G. Nelson and D. Whitman, *Real Estate Finance Law* § 7.1 (2d ed. 1985).

Additionally, New Jersey law provides at Rule 4:65–5[1] the following pertinent language:

> A sheriff who is authorized or ordered to sell real estate shall deliver a good and sufficient conveyance in pursuance of the

---

1. Rules Governing the Courts of the State of New Jersey R:4:65–5.

(foreclosure) sale unless a motion for the hearing of an objection to the sale is served upon him within 10 days after the sale or at any time thereafter before the delivery of the conveyance ...

In 1970, the New Jersey Supreme Court construed the foregoing rule to mean that "a mortgagor is entitled to redeem (foreclosed) property within a 10 day period for objections to sale and such right continues until an order confirming the sale is issued, in cases of timely filed objections." *Hardyston National Bank v. Tartamella*, 56 N.J. 508, 513, 267 A.2d 495 (1970). As will be demonstrated below, these rights of redemption are the only property right which a mortgagor retains after a judgment of foreclosure. The Mortgagor does not, contrary to the debtor's contention, retain any rights in the mortgage itself.

At judgment, a mortgagee gains a right to the judgment sum plus interest in exchange for his old right to receive periodic payments on the underlying debt. Although there are some early decisions to the contrary,[2] New Jersey case law has long held that the effect of a final judgment in foreclosure is to cause the mortgagee to merge into the judgment thereby extinguishing the old terms of installment payments for a present right to have the obligation satisfied in full. *Hudson Trust Co. v. Boyd*, 80 N.J.Eq. 267, 84 A. 715 (Ch.1912); *Heritage v. Bethel*, 96 N.J.Eq. 515, 125 A. 917 (Ch.1924), *Aff'd.* 97 N.J.Eq. 366 (E. & A.1925); *Colonial Bldg.-Loan Ass'n v. Mongiello Bros., Inc.*, 120 N.J.Eq. 270, 184 A. 635 (Ch.1936). Consequently, once the mortgage has been foreclosed merger automatically occurs.[3] However, one must not lose sight of the fact that the mortgagor still retains a right to redeem the foreclosed premises.

■ Considering the foregoing, the Court now turns its attention to determine the rights of the debtor under the provisions of the Bankruptcy Code. The debtor asserts that because he still retains a right of redemption in the foreclosed property, Sec. 1322(b)(5) allows him to revive, deaccelerate and cure the defaults in the mortgage. Such is not the case. Section 1322 of the Code states in pertinent part that:

(b) Subject to subsections (a) and (c) of this section, the plan may—

(2) modify the rights of holders of secured claims, *other than* a claim secured only by a security interest in real property that is the debtor's principal residence, or of holders of unsecured claims, or leave unaffected the rights of holders of any class of claims;

(5) notwithstanding paragraph (2) of this subsection, provide for the curing of any default within a reasonable time and maintenance of payments while the case is pending on any unsecured claim or *secured claim on which the last payment is due after the date on which the final payment under the plan is due.* (Emphasis Added.)

11 U.S.C. § 1322. Section 1322(b)(5) by its own language, does not apply to the case at bar. As analysis has revealed, once a judgment of foreclosure is rendered in New Jersey, the subject mortgage is merged into the judgment. As a direct result, the mortgagor has no default to cure because there is no longer any mortgage in existence. Additionally, at the time of foreclosure judgment, the mortgagee becomes entitled to payment in full of the sale price with costs and interest. Therefore, the claim which the debtor attempts to satisfy is not one where "the last payment is due after the date on which the final payment

---

**2.** The foreclosure decree does not have the effect of merging the indebtedness on the mortgage bond. *Deshler v. Holmes*, 44 N.J.Eq. 581, 18 A. 75 (E. & A.1888); *Atwood v. Carmer*, 75 N.J.Eq. 319, 73 A. 114 (Ch.1909).

**3.** New Jersey statutes provide for not less than five (5) instances where the mortgage will not merge with a judgment. *See: N.J.S.A.* 2A:50–41; 2A:50–44; 2A:50–47; 2A:50–50 and 2A:50–51. It

should be noted, however, that because these statutes contravene the common law rule of merger and/or property transfer finality or vesting, they must be strictly construed so as to avoid any change not clearly intended. *Jones v. Sportelli*, 166 N.J.Super. 383, 399 A.2d 1047 (Law Div.1979). This Court therefore observes that these exceptions are simply that—exceptions to the general rule of merger.

under the plan is due" as required by § 1322(b)(5). Hence, § 1322(b)(5) is inapplicable to the case *sub judice.*

If the mortgagor is to retain his property at all, he may only do so by "redeeming" the same via payment in full. *In re Jenkins,* 24 B.R. 748 (Bkrtcy.N.D.Ill.1981) and *In re Tynan,* 773 F.2d 177 (7th Cir. 1985).

In reviewing the facts of this case the Court also notes that the debtor has lost his right to redeem the subject property. As stated above, a mortgagor in New Jersey is entitled to redeem foreclosed property within a ten (10) day period after sale and such right continues until an Order confirming the sale is issued, in cases of timely filed objections. *Hardyston National Bank,* 56 N.J. 508, 513, 267 A.2d 495. The debtor has stated that he never filed an objection to the sale and thus, he would have originally had 10 days in which to redeem his former property.

 The provisions of Section 108 of the Bankruptcy Code provide in relevant part, however, that:

(b) Except as provided in subsection (a) of this section, if applicable nonbankruptcy law, an order entered in a nonbankruptcy proceeding, or an agreement fixes a period within which the debtor or an individual protected under Section 1301 of this title may file any pleading, demand, notice, or proof of claim or loss, cure a default, or perform any other similar act and such period has not expired before the date of the filing of the petition, the trustee may only file, cure, or perform, as the case may be, before the later of—

(1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or

(2) 60 days after the order for relief.

Consequently, when a debtor files a petition in bankruptcy before the expiration of the state redemption period, as the debtor did herein, Sec. 108(b) extends the redemption period for 60 days from the commencement of the bankruptcy proceeding.

In the case at bar, Mr. Brown filed his petition on March 20, 1986. His state-created redemption period expired on March 21, 1986. However, because Sec. 108(b) of the Code applies, the debtor had until May 19, 1986 to redeem his residence. He failed to do so and accordingly he has lost all title, right and interest in that property.

Considering all of the foregoing facts and circumstances, this Court holds that the foreclosed mortgage was not an interest which the debtor could have revived, deaccelerated and cured pursuant to § 1322 of the Code. The property clearly belongs to New Jersey Equitable and therefore the transfer may not be revoked. Additionally, the Court finds that the debtor's amended Chapter 13 plan may not be confirmed since it wrongfully provides for the revival, deacceleration and cure of the aforementioned foreclosed mortgage.

Submit the appropriate Order within ten (10) days from the date hereof.