In re Monika A. COLEMAN.

In re Oliver and Patricia JAMES.

In re Russel JACKSON and Alice E. Jackson.

JACKSON

v.

CITICORP MORTGAGE, INC.

In re Theresa E. THWEATT.

In the Matter of James H. POLLARD.

In the Matter of FOTINI–NINETA BIRBILUS.

In the Matter of Angel ANDINO–GAUTIER.

In the Matter of Salvatore BARBIERO.

In the Matter of Rick WOOD.

In re Raymond R. VALLIERE and Colleen B. Valliere.

In the Matter of Willard Lee WADSWORTH and Cynthia Ann Wadsworth.

In the Matter of Levi and Wyomie DOGGETT.

In the Matter of Abraham WELDON and Sharon Weldon.

In re Anthony BELL.

In the Matter of Wayne VAN GASSBECK.

In the Matter of Frank J. FROELICH.

In re Bakeer MUWWAKKIL.

In re Douglas M. WOJTKOWIAK.

Bankruptcy Nos. 86–07706, 87–02616, 87–04657, 87–04151, 87–04250, 87–04308, 87–04442, 87–04721, 87–04934, 87–05037, 87–05074, 87–05089, 87–05410, 87–05418, 87–05501, 87–05688, 87–05763, 87–06439.

United States Bankruptcy Court, D. New Jersey.

Jan. 27, 1988.

Edward Casel, Willingboro, N.J., for Nat. State Bank, Com. Mtg. Co.

Michael Ackerman, Zucker, Goldberg, Becker and Ackerman, Maplewood, N.J., for Margaretten & Co., Inc.

David Paul Daniels, David Paul Daniels, P.A., Camden, N.J., for debtors in Nos. 87–02616, 87–04250, 87–05410, 87–05763.

William M.E. Powers, III, William M.E. Powers, Jr., Chartered, Medford, N.J., for Citicorp Mortgage, Inc., First Family Mtg. Corp. of Florida, Bancplus Sav. Ass'n, Alliance Mtg. Corp., Community Funding Corp., Numerica Financial Services, Fireman's Fund Mtg. Corp.

Brian McDonald, Maple Shade, N.J., for debtors in No. 87–04657.

Christine Collins Shubert, David Paul Daniels, P.A., Camden, N.J., for debtor in Nos. 87–04151, 87–04721.

Merri R. Lane, Alvin D. Miller, P.A., Cherry Hill, N.J., for New York Guardian Mtg. Corp.

John W. Morris, Haddon Heights, N.J., for debtor in Nos. 87–04308, 87–04442, 87–04934, 87–05418.

Barry W. Frost, Teich, Groh and Frost, Trenton, N.J., for New Jersey Nat. Bank.

Jeffrey M. Beck, Zucker, Goldberg, Becker & Ackerman, Maplewood, N.J., for The Federal Nat. Mtg. Ass'n, American Mtg. & Inv. Services, Inc.

James R. Ozol, Toms River, N.J., for debtor in No. 87–05037.

Elizabeth Casel, Edward Casel, Willingboro, N.J., for J.I. Kislak.

Thomas J. Orr, Colaguori and Orr, Burlington, N.J., for debtor in No. 87–05074.

Richard P. Minteer, Riverside, N.J., for debtor in No. 87–05089.

Scott Basen, Rothstein, Mandell, Strohm, & Gelson, Lakewood, N.J., for debtor in No. 87–05501.

Peter H. Nelson, McCrink, Nelson, Kehler & Geist, West Berlin, N.J., for debtor in No. 87–05688.

William D. Hogan, Davis, Reberkenny & Abramowitz, Cherry Hill, N.J., for Inter–Boro Sav. and Loan Ass'n.

Robert McFarland, Lee & McFarland, Camden, N.J., for Atco Nat. Bank.

George Weinroth, Greenberg, Schmerelson, Weinroth & Etish, Camden, N.J., for George J. Weinroth.

James Madden, Madden & Madden, Haddonfield, N.J., for Madden & Madden.

Robert M. Wood, Wood and Broege, Manasquan, N.J., Trustee.

## INTRODUCTION AND FACTUAL BASIS

WILLIAM H. GINDIN, Bankruptcy Judge.

The within matters come before the court on application for confirmation. In each case, the secured creditor has objected to such confirmation.

The secured creditors, mortgagees under valid mortgages on the primary residences of each of the debtors have, as the result of the default of each of said debtors, elected to accelerate the mortgages and declare the entire amount due. In each case, an action for the foreclosure of the mortgage was instituted in the courts of the State of New Jersey and in each case the Superior Court of New Jersey has entered judgment of foreclosure in accordance with the laws of the State of New Jersey. In no case has a sale been completed.

The debtors have submitted plans pursuant to which they propose to pay off the entire amount of the foreclosure judgment as entered by the Superior Court of New Jersey over the life of the plan. Such a plan would require that payment be made through the Trustee and that no monthly payments be made outside of the plan. In each case, the final payment under the plan is due before the last payment is due pursuant to the terms of the original mortgage.

## ISSUE

The issue for determination is whether or not the debtors may pay off the entire balance due under the foreclosure judgment by payments pursuant to a plan filed under Chapter 13 of the Bankruptcy Code.

## THE HOLDING IN MATTER OF ROACH

In *Matter of Roach*, 824 F.2d 1370 (3rd Cir.1987) Judge Stapleton specifically held that the right to cure a default in a mortgage pursuant to 11 U.S.C. § 1322(b) did not exist once the sheriff's hammer had dropped. The court did allow by way of a footnote, *Id.* at 1372 n. 1, that under 11 U.S.C. § 108(b) the debtors were given an additional sixty days beyond that granted under state law within which they might "exercise a state law right of redemption."

The court, in making its analysis, determined that in New Jersey, the right to cure "terminates upon entry of a foreclosure judgment." *Id.* at 1370. Finding that "a final state court foreclosure judgment in New Jersey establishes rights in the property distinct from those conferred by the mortgage," *Id.* at 1377–78, the court concluded that "the mortgage is merged into the final judgment of foreclosure and the mortgage contract is extinguished." *Id.* at 1377. Referring to the footnote cited above, at page 1372, the court concluded that it was not dealing with a property interest to be cured, modified, or otherwise

dealt with pursuant to the provision of 11 U.S.C. § 1322(b)(3), but simply with the holder of a secured claim specifically directed against the property of the debtor.

## NEW JERSEY PROPERTY LAW

In the realm of property rights available to a debtor, it is clear that:

> ... state laws are suspended only to the extent of actual conflict with the bankruptcy system provided by Congress, so that in the absence of any conflict between the state and bankruptcy laws, the law of the state where the property is situated governs questions of property rights.

*Johnson v. First National Bank of Montevideo, Minnesota*, 719 F.2d 270, 273 (8th Cir.1983), *cert. denied*, 465 U.S. 1012, 104 S.Ct. 1015, 79 L.Ed.2d 245 (1984). The principle of the primacy of state law is clearly set forth in *Stellwagen v. Clum*, 245 U.S. 605, 38 S.Ct. 215, 62 L.Ed. 507 (1918). More recently the United States Supreme Court laid down as unassailable . principle the following:

> Property interests are created and defined by state law. Unless some federal interest requires a different result, there is no reason why such interests should be analyzed differently simply because an interested party is involved in a bankruptcy proceeding.

*Butner v. United States*, 440 U.S. 48, 55, 99 S.Ct. 914, 918, 59 L.Ed.2d 136, 141 (1979). In this circuit, the principle was emphasized in *Penn Terra Ltd. v. Department of Environmental Resources*, 733 F.2d 267 (3rd Cir.1984).

## MERGER

In *Roach, supra,* the court found that New Jersey is a state in which a mortgage merges with a final judgment upon the entry of that judgment. In *Colonial Building & Loan Association v. Mongiello Bros., Inc.*, 120 N.J.Eq. 270, 184 A. 635 (Ch. 1936), Vice Chancellor Kayes directed that payments received by the holder of a mortgage, which had been the subject of a foreclosure judgment, received payments not as a mortgagee, but as the holder of a judgment. Relying on *Hudson Trust Co. v. Boyd*, 80 N.J.Eq. 267, 84 A. 715 (Ch. 1912), the court found that there was a merger.

The effect of such a merger is to extinguish the mortgage itself and leave the creditor to its right as a judgment creditor. The bankruptcy courts of this state have accepted this proposition and have been guided by it. *Matter of Martinez*, 73 B.R. 300 (Bankr.D.N.J.1987); *Matter of Brown*, 73 B.R. 306 (Bankr.D.N.J.1987).

It is clear from this analysis that what remains is, in fact, a judicial lien as defined by the Bankruptcy Code. *Matter of Garner*, 13 B.R. 799, 4 C.B.C.2d 1417 (Bankr.S.D.N.Y.1981); *see also In re Jordan*, 5 B.R. 59, 2 C.B.C.2d 635 (Bankr.D.N.J.1980). A judicial lien is defined in 11 U.S.C. § 101(32) as one which is "obtained by judgment, levy, sequestration, or other legal or equitable process or proceeding." The term is used to distinguish it from a consentual lien which is one established by agreement and defined in the Code as a "security interest". 11 U.S.C. § 101(45). While the original mortgage was created by agreement, the nature of the merged lien is, in fact, established by process of law.

## EQUITY OF REDEMPTION

Under New Jersey law, once the judgment is entered, the only thing remaining is the equity of redemption. The judgment itself has established the right to foreclose the amount due and directs the sale to satisfy the amount due. *Eisen v. Kostakos*, 116 N.J.Super. 358, 282 A.2d 421 (App. Div.1971). This principle was adopted in *Roach*.

In addition, there is created a specific equity of redemption. *Hudson Trust Co. v. Boyd, supra, Colonial Building & Loan Association v. Mongiello Bros., Inc., supra, Heritage v. Bethel*, 96 N.J.Eq. 515, 125 A. 917 (Ch. 1924).

The cases which define and explain the equity of redemption also make it clear that unless the creditor proceeds to sale, the equity of redemption is available for

twenty years. *Hudson Trust Co. v. Boyd,* 80 N.J.Eq. at 269.

While it is clear the mortgage no longer exists so that it cannot be cured or deaccelerated, the judgment does exist and is by its very terms subject to the equity of redemption. In *In re Smith,* 43 B.R. 313, 319 (Bankr.N.D.Ill.1984), the problem is addressed thusly:

A debtor may also redeem under the terms of a Chapter 13 plan. The right of redemption is property of the estate and the court may confirm a plan which provides for redemption within the term of the plan. In the present case, the court has confirmed the plan which provides for payment of the full amount within six months of confirmation.

Although the redemption period in Illinois is statutory, like New Jersey and New York, Illinois is a merger doctrine state.

So important is this right that the New Jersey courts have held that an agreement made at the inception of the transaction to waives such an equity of redemption is "void and unenforceable as against public policy." *Humble Oil & Refining Co. v. Doerr,* 123 N.J.Super. 530, 544, 303 A.2d 898 (Ch. Div.1973), and the New Jersey Court Rules have extended the period to allow the defendant in the foreclosure action ten days after the sale to raise any objections to the sale itself. R. 4:65–5. *Union County Savings Bank v. Johnson,* 210 N.J.Super. 589, 510 A.2d 288 (Ch. Div. 1986); *see also Hardyston National Bank v. Tartamella,* 56 N.J. 508, 267 A.2d 495 (1970). *Roach,* in the footnote cited above, acknowledged the importance of such an equity and indicated that in addition to any other rights after sale, the debtor would have the extension of sixty days provided by 11 U.S.C. § 108(b).

## MODIFICATION

The creditors in the instant case urge that once the judgment is entered it cannot be used to "modify" the provisions of the foreclosure judgment. Such a position is unsupported by the holding in *Roach.* The right to cure is clearly terminated by the entry of the judgment, but the *Roach* court itself makes it clear that a cure is not a modification. *Matter of Clark,* 738 F.2d 869 (7th Cir.1984); *In re Hynson,* 66 B.R. 246 (Bankr.D.N.J.1986); *In re Simpkins,* 16 B.R. 956 (Bankr.E.D.Tenn.1982).

The creditors cannot complain that the rights of the holder of that claim may not be modified under 11 U.S.C. § 1322(b)(2) since that section excepts "a claim secured *only* by a security interest in real property that is the debtor's principle residence" (emphasis added). By its very terms, the section applies where the claim is secured by a security interest (consentual lien) *only.* The words themselves indicate congressional intent to eliminate from the exception either a judicial lien or, as in the instant case, a lien which is, in essence, a cross between a consentual agreement and one created by judicial process. Thus, even if the proposed plan represents a modification under § 1322(b)(2), it is not prohibited.

## CRAMDOWN

The nature of the redemption is clearly spelled out in New Jersey law. The debtor must redeem by paying the full amount of the decree as such "represents the final determination of the debt and amount due thereunder", *Colonial Building & Loan Association v. Mongiello Bros., Inc.,* 120 N.J.Eq. at 276, 184 A.2d 635. In addition, "such debt draws legal interest from the date of its record and no more." *Id.* at 276, 184 A.2d 635. Therefore, redemption effectuates neither a cure nor a modification, but rather a specific amount due. Section 1322(b)(2) allows modification of the rights of holders of secured claims by classification and is part of the plan. Since the claim is secured, it must be paid in full to the extent that it is secured or to the extent of the value of the security. Section 506 determines secured status, and by its terms limits the extent of that claim to the value of the creditor's interest. The balance of any such claim would be treated as an unsecured claim by definition.

Thus, where the amount of the judgment exceeds the value of the property, the debtor may be permitted to "cramdown" a claim in an amount equal to the value of

the premises. Judge Eisen in *In re Smith, supra,* at 319, also endorses this view: "[t]he court also has the power to confirm a plan which calls for redemption within the five year limit prescribed in § 1322(c) of the Bankruptcy Code."

## AUTOMATIC STAY

Having determined that the debtor may redeem the property and recognizing that the creditor cannot get possession of the property until after the sale, it is clear that 11 U.S.C. § 362(a)(2) specifically prohibits the creditor from "the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title." Since the creditor must take some further action of a discretionary nature and since it is clear that the creditor has a period of up to twenty years within which to take such action, there can be no doubt but that § 362 applies.

## CONCLUSION

Since the mortgage merged with and was extinguished by the judgment, the judgment is a judicial lien, and the debtors' plans seek not to modify, but simply arrange for payment of the judgment lien, the plans submitted by the various debtors in the within matters are confirmable.

## ORDER

This opinion has not dealt with the individual plans since there are many variations. Hearings must be held in order to determine the feasibility of each plan taking into account the amount of the Trustee payments, any revisions to budgets occasioned by the fact that the debtor must now pay taxes and insurance directly, and an analysis of the debtor's income, it will be necessary to set the matters down for confirmation hearings. All matters are hereby set down for confirmation for Tuesday, March 1, 1988 at 2:00 p.m. The standing Chapter 13 Trustee is hereby directed to submit an order consistent with this opinion.