**In re Beverly RIVERA, Debtor.**

**Bankruptcy No. 89–13341S.**

United States Bankruptcy Court,
E.D. Pennsylvania.

Dec. 22, 1989.

Thomas J. Turner, III, Philadelphia, Pa., for debtor.

Edward Sparkman, Philadelphia, Pa., Chapter 13 Standing Trustee.

Gary E. McCafferty, Philadelphia, Pa., for Meritor Sav. Bank.

## MEMORANDUM

DAVID A. SCHOLL, Bankruptcy Judge.

The instant contested matter presents the provocative issue of the effect of a bankruptcy filing made within one hour of a sheriff's sale in a Pennsylvania mortgage foreclosure action (and thereby outside of the right to cure period provided in 41 P.S. § 404(a)) upon the Debtor's ability to reinstate her mortgage by paying off the full balance of the mortgage obligation in a Chapter 13 plan. We hold that the Debtor may reinstate her mortgage in these circumstances, and that the mortgagee's motion seeking relief from the automatic stay based upon the premise that the Debtor's reinstatement rights were cut off by the sale must be denied.

The parties have stipulated to the following pertinent facts as the record upon

which we must decide the motion of Meritor Savings Bank (hereinafter "Meritor") to obtain relief from the automatic stay imposed by the bankruptcy filing of the Debtor, BEVERLY RIVERA (herein "the Debtor"):

1. At 4:03 P.M. on September 11, 1989, the Debtor's home was sold to Meritor at a sheriff's sale conducted in execution of Meritor's own foreclosure judgment against the Debtor.

2. The Debtor's bankruptcy petition was time-stamped for filing at 4:22 P.M. on September 11, 1989.

3. The receipt for payment of the filing fees for the Debtor's bankruptcy is time-stamped at 3:21 P.M. on September 11, 1989.

4. The Debtor has filed a Plan contemplating payment of Meritor's mortgage balance in full over the course of the Plan.

The first issue is whether the case was filed before the sheriff's sale occurred. We hold that it was. Filing occurs when papers to be filed reach the Clerk's Office. *See Freeman v. Giacomo Casta Fu Andrea*, 282 F.Supp. 525, 526, 528 (E.D.Pa. 1968) (FULLAM, CH. J.); *In re Pavelka*, 70 B.R. 170, 171 (Bankr.E.D.Pa.1986); and 12 J. MOORE, FEDERAL PRACTICE, ¶ 5.11, at 5–41 (2d ed. 1989). *Cf. Houston v. Lack*, 487 U.S. 266, 108 S.Ct. 2379, 2383–85, 101 L.Ed.2d 245 (1988) (prisoner's pleadings are deemed "filed" when deposited with prison authorities for mailing to federal court). Certainly, the Debtor's bankruptcy petition must have reached the Clerk's Office no later than 3:21 P.M. on September 11, 1989, when the receipt for payment was stamped. We therefore must conclude that this bankruptcy case was filed no later than 3:21 P.M., which was before the sheriff's sale occurred.

However, the right of a mortgagor-debtor to cure defaults, which protects Pennsylvania mortgagors from termination of their right to cure after the entry of a foreclosure judgment, *see In re Brown*, 75 B.R. 1009, 1011–12 (Bankr.E.D.Pa.1987); *compare In re Roach*, 824 F.2d 1370, 1377–79 (3d Cir.1988) (under New Jersey law, right to cure terminates at the time of a sheriff's

sale) expires one hour before a sheriff's sale takes place. 41 P.S. § 404(a); and *Brown, supra*, 75 B.R. at 1012. At 3:21 P.M. filing would therefore not be timely to trigger the right to cure provided in 41 P.S. § 404(a).

We therefore consult the post-*Roach* decisional law of New Jersey, in which jurisdiction the *Roach* case arose, to determine whether the Debtor has a right to cure in this instance. We note a conflict of decisions between two eminent New Jersey judges. Judge Gindin, in *In re Coleman*, 82 B.R. 15 (Bankr.D.N.J.1988), concludes that a debtor is permitted to cure a mortgage delinquency by paying the full mortgage balance reduced to judgment in a plan, as the instant Debtor contemplates. However, Judge Gambardella, in *In re McKeon*, 86 B.R. 350, 379–86 (Bankr.D.N.J. 1988), holds that such a cure is impermissible.

Judge Gindin reasons that the mortgage merges in the foreclosure judgment, *Coleman, supra*, 82 B.R. at 17; that the preclusive effect of 11 U.S.C. § 1322(b)(2) upon modifications of mortgages secured only by real estate is neutralized by the additional security interest arising from the foreclosure judgment lien, *id.*, at 18; and that there is hence no impediment to a cure such as is contemplated by the Debtor here.

Judge Gambardella, without citing or distinguishing *Coleman*, agrees that merger occurs, *McKeon*, 86 B.R. at 369, declines to conclude that the presence of the judgment vitiates § 1322(b)(2); holds that the cure contemplated by parties situated similarly to the instant Debtor *is* a modification deemed impermissible by § 1322(b)(2); and would grant relief to mortgagees situated similarly to Meritor. *Id.* at 386.

In *In re Klein*, 106 B.R. 396 (Bankr.E.D. Pa.1989), we rejected all of the lines of reasoning employed by Judge Gambardella in *McKeon*. Firstly, we noted that the lien arising from a foreclosure judgment probably does take the mortgage in question out of the realm of § 1322(b)(2). At 401. *Accord, In re Arnold*, 40 B.R. 144, 146–47

(Bankr.N.D.Ga.1984). Secondly, we held, consistent with the reasoning of *Coleman, supra,* that when a mortgage merges with a foreclosure judgment, an obligation the payment of which is not required in any particular time-period is created. *Klein, supra,* at 401–02. *Accord, In re Rorie,* 98 B.R. 215, 218–19 (Bankr.E.D.Pa.1989) (FOX, J.); and *In re Ocasio,* 97 B.R. 825, 826 n. 1 (Bankr.E.D.Pa.1989) (TWARDOWSKI, CH. J.). Finally, we held that, on the basis of *Roach,* 824 F.2d at 1376; and *In re Ford,* 84 B.R. 40, 43–44 (Bankr.E.D.Pa. 1988), the cure of a mortgage obligation, by paying it off in full over the course of a plan, is not a "modification" within the purview of remedies barred to debtors by § 1322(b)(2). *Klein, supra,* at 402–04. In so doing, we rejected the reasoning of the authorities relied upon by Judge Gambardella in *McKeon,* 86 B.R. at 379–86, most notably *In re Seidel,* 752 F.2d 1382 (9th Cir.1985). *Klein,* at 404. Therefore, we decline to follow Judge Gambardella's reasoning in *McKeon* and, instead, embrace that of Judge Gindin in *Coleman.*

As a result, we conclude that, since the Debtor's filing preceded the sheriff's sale of her residence, not only is the sale void,[1] but the Debtor may cure the mortgage delinquency, particularly by paying the entire mortgage obligation in full. *Compare Brown, supra,* 75 B.R. at 1012 (where sheriff's sale precedes bankruptcy filing, the mortgage cannot reinstate the obligation or, hence, cure it in any way). Meritor's motion, based solely upon the premise that the Debtor cannot reinstate her mortgage obligation, must therefore be denied.

---

**1.** The automatic stay would appear to invalidate the sale in any event. *See In re Sudler,* 71 B.R. 780, 782, 786 n. 1, 787–88 n. 2 (Bankr.E.D.Pa. 1987) (a tenant's naked possessory interest invokes the protection of the stay). The issue may perhaps be more properly framed as whether the Debtor, given the scheduling of the sale, retained a sufficient interest in her residence after the sale to prevent its recurrence.