THE HARDYSTON NATIONAL BANK OF HAMBURG, NEW JERSEY, BANKING CORPORATION OF THE UNITED STATES OF AMERICA, PLAINTIFF, v. JOSEPH TARTA-MELLA, DEFENDANT-RESPONDENT, CROSS-APPEL-LANT, AND ANN TARTAMELLA AND BELLOWS & MAY, INC., A CORPORATION OF NEW YORK, DEFENDANTS, v. DONALD T. KIKKERT, THIRD-PARTY DEFENDANT, APPELLANT, CROSS-RESPONDENT.

Argued May 19, 1970—Decided July 14, 1970.

Mr. *Emanuel A. Honig* argued the cause for Third-Party Defendant-Appellant (*Messrs. Honig* and *Kovach,* attorneys).

Mr. *John R. Knox* argued the cause for Defendant-Respondent, Cross-Appellant (*Messrs. Morris, Downing & Sherred,* attorneys).

The opinion of the court was delivered by

WEINTRAUB, C. J. The trial court held a mortgagor had an unqualified right to redeem the property within the ten-day period provided by *R.* 4:65–5 for objections to the sheriff's sale. We certified the appeal of the successful bidder before argument in the Appellate Division.

There appear to be but four reported decisions in which the question whether a mortgagor has an absolute right to redeem before confirmation was either mentioned or decided.

The question was expressly left open in *Union Building and Loan Ass'n v. Childrey,* 97 *N. J. Eq.* 20, 24 (Ch. 1924). The first reported ruling was in *Ghee v. Davenport,* 2 *N. J. Super.* 532 (Ch. Div. 1949), affirmed by the Appellate Division for the reasons given by the trial court, 4 *N. J.*

*Super.* 518 (1949). It was held that although the right to redeem is cut off by a judicial sale, the sale is not complete until confirmed by the court, and hence it follows that the right to redeem persists until such confirmation.

In so holding, *Ghee* drew upon statements in other cases which admittedly involved other issues. So the court noted that in *Federal Title, &c., Guaranty Co. v. Lowenstein,* 113 *N. J. Eq.* 200 (Ch. 1933), which held that confirmation could be refused unless the mortgagee agreed to a fair-value credit on the debt, the Vice Chancellor said the sale was "not a perfect contract, made by competent parties, but *is a* bargain dependent upon the approval of the court to render it 'valid and effectual in law.'" (113 *N. J. Eq.* at 205.) *Ghee* referred also to *Vanderbilt v. Brunton Piano Co.,* 111 *N. J. L.* 596, 601 (E. & A. 1933), in which the question was whether retroactive effect could be given to a statute relating to a suit for a deficiency after foreclosure. The Court of Errors and Appeals there said "that a foreclosure sale is not fully a sale until confirmed by court order." *Ghee* also referred to *Wootton v. Pollock,* 119 *N. J. Eq.* 128 (E. & A. 1935), where the question was whether the period of limitations for the deficiency suit ran from the date of the sale or from the date of confirmation. In holding the time ran from the date of confirmation, *Wootton* cited the observation in another case that the mortgagor's "equity of redemption was not yet absolutely foreclosed [by the judicial sale], but was merely suspended" (119 *N. J. Eq.* at 131). That quotation came from *Marts v. Cumberland Mutual Fire Insurance Co.,* 44 *N. J. L.* 478 (Sup. Ct. 1882), which held a judicial sale did not constitute a "sale" terminating coverage under an insurance policy. The full statement in *Marts* from which *Wootton* took the excerpt we just quoted reads that "Her equity of redemption was not yet absolutely foreclosed, but was merely suspended, to be terminated if the purchaser should comply with the conditions of sale; to be restored to full vigor if he failed." (44 *N. J. L.* at 482.)

The issue again arose in *Crane v. Bielski*, 27 *N. J. Super.* 448 (App. Div. 1953). There the court disagreed with *Ghee* and held the judicial sale immediately terminated the equity of redemption so that the mortgagor could thereafter redeem only for adequate cause. But the Supreme Court reversed for other reasons and expressly declined to say whether there was an absolute right to redeem within the period within which objections could be made to the sale. 15 *N. J.* 342, 346 (1954).

In *Crane* the Appellate Division seems not to have decided whether, prior to the adoption of our rules of Court in 1948, the mortgagor had the absolute right to redeem before confirmation. Rather it apparently rejected *Ghee* on the ground that an order confirming a sheriff's sale was no longer required under the rules of Court and hence it must follow that a sale is fully effective at once. 27 *N. J. Super.* at 458–461. But this misconceived the impact of our rules. We eliminated the motion to confirm and the order of confirmation, not to change the rights of the parties as they theretofore existed, but only to eliminate the paper work of a formal motion and order confirming a sheriff's sale which had become routine and of no practical value.[1] To that end only, 1948 *Rule* 3:77–5 (now *R.* 4:65–5) provided that the sheriff shall deliver the deed "in pursuance of the sale, unless a motion for the hearing of an objection to the sale is served upon him within 10 days of the sale or at any time thereafter before the delivery of the conveyance." Thus we shifted the burden of going forward to the objector and obviated the entry of a formal order confirming the sale unless an objection was made to the sale.

We add that with respect to sales made by one other than a sheriff, the rules continued the preexisting practice of a motion by the selling officer for an order of confirmation

---

[1]Prior to September 15, 1948 the subject of confirmation was controlled by statute, *R. S.* 2:65–12. The statute was then amended to commit the subject to our rules of Court.

on 10 days' notice to all persons in interest. 1948 *Rule* 3:77–7. That rule in its present form, *R.* 4:65–6(b), reads:

Any person making the sale, other than a sheriff, shall apply for the court's confirmation of the sale on 10 days' notice, given personally or by ordinary mail to all persons in interest who reside in the State and 20 days' notice similarly given to all persons in interest who reside outside this State; but the court may by order dispense with notice or make any other provision with respect thereto.

The rule applies to a foreclosure sale of lands in more than one county. See *In re Rhodes,* 100 *N. J. Eq.* 370, 372 (Ch. 1927).

There, of course, was no reason to deal differently with the substance of the equity of redemption on the basis of the identity of the official who conducts the sale. The rules achieved only a change of form as to sheriff's sales, without depriving the mortgagor of any preexisting substantive right. It follows that if prior to the rules of 1948 the mortgagor had an absolute right to redeem before confirmation, that right continues under the rules until the sale is confirmed automatically by the passage of 10 days without an objection filed, or until the sale is confirmed by an order if an objection to the sale is filed.

The last case to deal with the problem is *Penn Federal Savings and Loan Ass'n v. Joyce,* 75 *N. J. Super.* 275 (App. Div. 1962). That case too refused to follow *Ghee.* The court first pointed out correctly that none of the cases cited in *Ghee* squarely held that an unqualified right to redeem persisted beyond the date of the sheriff's sale. The court then found that two earlier cases "are in point, even though the facts may be different from those at bar" (75 *N. J. Super.* at 280–281). The reference was to *Wimpfheimer v. Prudential Insurance Co. of America,* 56 *N. J. Eq.* 585 (Ch. 1898), and *Union Building and Loan Ass'n v. Childrey, supra,* 97 *N. J. Eq.* 20. We think neither case is "in point." In *Wimpfheimer,* a subsequent encumbrancer was denied the right to redeem after sale, but the basis was not the

proposition that the mortgagor did not have such a right, and in *Childrey,* as we noted earlier in this opinion, the question was expressly left open.

All that can be said of the decisions prior to 1948 is that in each case the significance of confirmation depended upon the issue involved and that none is decisive here. Those cases do supply the legalisms within which the answer to the question before us may be framed but the legalisms give no guidance to that answer. So if it is answered that the equity of redemption survives until confirmation of the sale, the rationale is available that the sheriff's sale is but an imperfect contract dependent ultimately upon the approval of the court. And if the sale is held to end the equity of redemption at once, that answer may as easily be placed within the concept stated for other purposes, that a sale is defeasible only for some overriding equity, and if confirmed, the confirmation relates back to the date of sale.

██ The ultimate question is one of policy. We think the answer should favor the mortgagor. The right to redeem was devised by equity to protect him from the forfeiture of his title. It is a favored right, *Mansfield v. Hammond,* 117 *N. J. Eq.* 509, 510 (E. & A. 1935), so much so that it may not be released in the mortgage itself or in a contemporaneous agreement. *Dorman v. Fisher,* 31 *N. J.* 13, 15 (1959). The situations are probably rare in which a mortgagor can profitably assert a right to redeem after the sheriff's sale, but the right should be his unless some public interest would be significantly offended. More precisely, the question is whether the existence of a right of redemption until confirmation would discourage bidding. We think it would not.[2] Hence we believe the just course is to permit the mortgagor to redeem within the ten-day period fixed by *R.* 4:65–5 for objections to the sale and until an order confirming the sale if objections are filed under the rule.

---

[2] The bidder would be entitled to receive interest up to redemption upon the moneys committed. Such compensation was paid by the mortgagor in the case at hand.

We add that decisions elsewhere are in conflict. The right to redeem was held not to survive the falling of the hammer in *Pennsylvania Co., &c. v. Broad St. Hospital,* 354 *Pa.* 123, 47 *A.* 2d 281 (Sup. Ct. 1946), and *Brown v. Frost,* 4 *N. Y Chan. Rep.* 962 (1843). On the other hand, a right to redeem up to confirmation was recognized in *Citizens Loan and Savings Co. v. Stone,* 1 *Ohio App.* 2d 551, 206 *N. E.* 2d 17 (Ct. App. 1965) ; *Pope v. Wylds,* 167 *Ark.* 40, 226 *S. W.* 458 (Sup. Ct. 1924), and *Holloway v. Sewell,* 140 *Fla.* 464, 191 *So.* 825, 826 (Sup. Ct. 1939). Statutes have been adopted in many States creating a right of redemption for substantial periods after the sale. See *First National Bank and Trust Co. v. MacGarvie,* 22 *N. J.* 539, 545–547 (1956) ; 4 *Am. L. of Prop.* (Casner 1952) § 16.174, *p.* 418; 3 *Powell, Real Property* (1967) § 470, *p.* 693.38. As noted in *MacGarvie,* the thesis of the statutory right of redemption is that it will encourage bidders to bid the fair value of the property (22 *N. J. at* 545).

The order under review is accordingly affirmed. No costs.

*For affirmance*—Chief Justice WEINTRAUB and Justices JACOBS, FRANCIS, PROCTOR, HALL, SCHETTINO and HANEMAN—7.

*For reversal*—None.