**In the Matter of Robert T. MADDEN and Michelle Madden, his wife, Debtors.**

**Bernard LEVINE and Barbara Levine, his wife, Plaintiffs,**

v.

**Robert T. MADDEN and Michelle Madden, his wife, Defendants.**

Bankruptcy No. 81–06002.
Adv. No. 81–0970.

United States Bankruptcy Court,
D. New Jersey.

Nov. 25, 1981.

Lehman & Wasserman by Steven Z. Jurista, Millburn, N. J., for defendants.

Ravin, Katchen & Greenberg by Jack M. Zackin, Walder, Steiner & Sondak by Leonard H. Berkeley, Newark, N. J., for plaintiffs.

OPINION

VINCENT J. COMMISA, Judge.

On October 7, 1981 the debtors herein, Robert T. Madden and Michelle Madden,

filed a petition for relief under Chapter 13 of the Bankruptcy Code. Immediately thereafter, a motion to dismiss the petition was filed by Bernard and Barbara Levine. In the alternative, the Levines seek relief from the automatic stay. The Levines' sole objective is to consummate the purchase of residential property obtained at a Sheriff's sale. The plaintiff Levines' allege the defendant-debtors' Chapter 13 petition was filed in bad faith, in an attempt to delay and frustrate an Order of the Superior Court of New Jersey.

The pertinent facts are as follows:

On April 30, 1981, Judgment in Foreclosure was entered by the Superior Court of New Jersey, Chancery Division, Essex County (Docket No. F 2202–80). The action was instituted by the Summit Federal Savings and Loan Association (mortgagee) against Robert T. Madden and Michelle Madden (mortgagors) with respect to residential property located at 88 West Road, Millburn, New Jersey.

On September 3, 1981 the defendant-debtors applied to the Superior Court for an Order to Show Cause staying the scheduled Sheriff sale. The request was denied. However, the Superior Court did grant an additional twenty (20) days' right of redemption giving the debtors the right to redeem the property until 4:00 p. m. on October 7, 1981.

On September 8, 1981, Bernard and Barbara Levine purchased the subject property, at the Sheriff's sale for the sum of $143,-000.00. The plaintiffs deposited 20% of the purchase price with the Sheriff.

On October 7, 1981, the thirtieth (30) day following the Sheriff's sale, the defendants filed a petition with this Court seeking relief under Chapter 13 of the Bankruptcy Code.

■ The Bankruptcy estate is comprised of all legal and equitable interests in property, of the debtors as of the filing of a Bankruptcy petition. 11 U.S.C. §§ 541(a) and 1306(a). Under New Jersey law, the debtors had a right to redeem the Millburn property on the day the Chapter 13 petition

was filed. *Hardyston National Bank v. Tartamella*, 56 N.J. 508, 267 A.2d 495 (1970). Under Section 541(a), the debtors' right of redemption is part of the Bankruptcy estate. The automatic stay imposed by Section 362(a) restrains "any act to obtain possession of property of the estate." · The automatic stay has prevented the plaintiffs from consummating their purchase of the Millburn property.

■ The plaintiffs contend the automatic stay should be lifted because the underlying Bankruptcy petition was not filed in good faith. The Court agrees, the equities of this case favor granting the relief requested by the plaintiffs. The facts of this case do not evidence a legitimate attempt by the debtors to work themselves out of financial difficulty. Rather, the record indicates that this petition was filed with the intent to delay and frustrate the Order of the Superior Court. To illustrate, the Court will review the debtors' actions. On October 7, 1981, only hours before the debtors' right of redemption was to expire, the debtors filed a joint petition expressing their intention to file a plan pursuant to Chapter 13. On October 26, 1981, one day before the hearing of this matter, the debtors filed a Chapter 13 statement. To date, no formal Chapter 13 plan has been filed. Bankruptcy Rule 13–201 provides that the debtor may file a plan with his petition or within ten (10) days thereafter. The rule further provides that such time shall not be further extended except for cause shown and on such notice to such persons as the Court may direct.

The debtors' own testimony, at the hearing held before this Court on October 27, 1981, leaves no doubt in the Court's mind that this petition was filed in bad faith. At the hearing, Mr. Madden, one of the debtors, disclosed the existence of two bank accounts and a trust fund not listed in the Chapter 13 statement (Transcript, pp. 85, 86). The debtors' statement list the value of the subject property at $180,000.00, notwithstanding his admitted intention to sell the property on October 9, 1981 for $167,-000.00. Finally, the information provided

on the debtors' income was clearly inadequate. The debtors' petition states no weekly, monthly or periodic income, but, while testifying Mr. Madden "guessed" his income to be "somewhere around $25,-000.00." The Court is also mindful of the fact that the debtor admits to not paying any income tax for a "few years."

Section 1307(c) provides that upon the request of a party in interest after notice and hearing, the Court may dismiss a case under Chapter 13, for cause.

Based upon the debtors' failure to comply with the requirements of Bankruptcy Rule 13–201 and upon a specific finding that this petition for relief under Chapter 13 was not filed in good faith, the plaintiffs shall be granted the relief requested. The Chapter 13 petition of the debtors shall be dismissed.

Submit an Order in accordance with the above.