**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3296-18T3

SYLVAN GLADE CONDOMINIUM
d/b/a MAPLE LEAF PARK
ASSOCIATION INC.,

      Plaintiff-Respondent,

v.

NJ SURPLUS HOMES a/k/a NJ
SURPLUS HOMES LLC,

      Defendant-Appellant,

_____

MEIR FELZENSTEIN,
Purchaser at Sheriff's Sale,

      Intervenor-Respondent.

_____

Submitted February 24, 2020 – Decided July 14, 2020

Before Judges Fasciale and Mitterhoff.

On appeal from the Superior Court of New Jersey, Law Division, Somerset County, Docket No. DC-5063-14.

Large Scammell & Danziger LLC, attorneys for appellant (Scott D. Bullock, on the briefs).

McGovern Legal Services, LLC, attorneys for respondent Sylvan Glade Condominium (Joseph J. Clemente, on the brief).

Honig & Greenberg, LLC, attorneys for respondent Meir Felzenstein (Adam D. Greenberg, on the brief).

PER CURIAM

Defendant NJ Surplus Homes a/k/a NJ Surplus Homes LLC appeals from a February 19, 2019 order denying its motion to vacate transfer of title and declare deed null and void. This matter arises from intervenor Meir Felzenstein's (the buyer) purchase of defendant's condominium unit at a November 2017 sheriff's sale. The unit was located within the condominium community operated by plaintiff Sylvan Glade Condominium d/b/a Maple Leaf Park Association Inc. When the buyer failed to timely remit the purchase price, plaintiff moved to vacate the sheriff's sale, and defendant moved to extend the redemption period.

Before the motions were decided, the buyer paid the balance of the purchase price and received the deed from the sheriff. Eight days after the deed was transferred, Judge Robert A. Ballard, Jr., unaware of the perfection of the sale eight days earlier, signed a consent order vacating the sale to the buyer. On

2

February 19, 2019, the current motion judge, Judge Michael J. Rogers, denied defendant's application to vacate the transfer of title and nullify the deed. We affirm, albeit for slightly different reasons than those set forth in Judge Rogers' thorough and thoughtful oral opinion.[1]

We discern the following facts from the record. Defendant purchased the subject condominium unit at a sheriff's sale for $8000. The unit is located within a residential condominium community managed and operated by plaintiff. After the purchase, defendant failed to pay its share of the common expenses. Accordingly, on November 7, 2014, plaintiff filed a complaint in the Special Civil Part, seeking payment of the arrears in the amount of $1586.48. After defendant failed to file an answer, on February 26, 2015, default judgment was entered against it for $4022.21, which included amounts for common expense arrears and attorneys' fees and costs. In April 2016, the judgment was docketed as a statewide lien.

On January 6, 2017, a judge authorized a sheriff's sale of defendant's condominium unit. Plaintiff notified defendant of the date and time of the sale,

---

[1] See Do-Wop Corp. v. City of Rahway, 168 N.J. 191, 199 (2001) ("[I]t is well-settled that appeals are taken from orders and judgments and not from opinions, oral decisions, informal written decisions, or reasons given for the ultimate conclusion.").

A-3296-18T3

which was ultimately held on November 14, 2017. At the sale, the buyer purchased the property and paid the requisite deposit. When the buyer failed to pay the balance within thirty days, plaintiff moved to vacate the sale.

On December 20, 2017, defendant filed a motion requesting an extension of the redemption period.[2] In his letter to the court, defendant indicated that he had unsuccessfully attempted to obtain a redemption amount on November 22, 24, 27, and 28, 2017.[3] Inexplicably, defendant did not serve the motion papers on the buyer.

On January 11, 2018, the buyer paid the balance of the purchase price, and the sheriff issued him the deed to the unit. The buyer then informed plaintiff that the sale had been consummated and requested that plaintiff withdraw the motion to vacate the sale. Neither the buyer nor plaintiff advised the court, or defendant, of the January 11, 2018 payment and deed transfer. Plaintiff's counsel acknowledged that the failure to advise the court was an oversight.

---

[2] Defendant initially filed his motion in Ocean County, which was the incorrect venue. On December 20, 2018, the matter was transferred to Somerset County.

[3] Nothing in the record supports these alleged attempts, other than defendant's letter to the court, and defendant does not argue on appeal that they are a basis to vacate the sale. Accordingly, we deem the issue abandoned. See Sklodowsky v. Lushis, 417 N.J. Super. 648, 657 (App. Div. 2011) ("An issue not briefed on appeal is deemed waived.").

4

On January 19, 2018,[4] Judge Ballard, unaware that the sale had already been completed, granted plaintiff's motion to vacate the sale and denied as moot defendant's motion to extend the redemption period.

On October 5, 2018, defendant filed a motion to vacate transfer of title and declare deed null and void, but the motion was denied for failure to serve the buyer and the sheriff's office. Defendant refiled the motion on January 9, 2019. The buyer opposed the motion, arguing that it would be inequitable to afford defendant the requested relief. The buyer certified that when he told plaintiff that the motion to vacate the sheriff's sale should be withdrawn, he believed that plaintiff had withdrawn it. Accordingly, he had begun to make extensive improvements[5] to the unit and rented it to a tenant who was currently in possession.

Before defendant's motion was heard, plaintiff and the buyer signed a consent order vacating the January 19, 2018 order that set aside the sheriff's sale.

---

[4] The dates on the orders indicate they were issued in 2019, but the transcript shows that the motions were decided in 2018.

[5] The buyer certified that he spent more than $36,000 for the following items: kitchen appliances, products from Home Depot, carpeting, hiring a contractor, water liens, an electric permit fee, homeowner association expenses, garbage removal, fire inspections, and a tax sale certificate.

Unaware of defendant's pending motion to vacate, Judge Rogers signed the consent order.[6]

On February 19, 2019, Judge Rogers denied defendant's motion to vacate the transfer of title. The judge found there was no question that defendant did not file the necessary objections to the sheriff's sale within ten days, as required by Rule 4:65-5. Beyond this failure, the judge observed that "[a]nother major deficiency in [d]efendant's pro se application to redeem and to vacate the sale before Judge Ballard[] in January[] 2018, [was] the failure to notice [the buyer] of the condo in the [s]heriff's sale in November[] 2017, [which was] later perfected on January 11, 2018." In that regard, Judge Rogers noted that defendant knew the property was sold in November 2017, yet he never bothered to discover the identity of the successful bidder. Moreover, the judge found that defendant's factual predicate for the motion to vacate the sale, that the buyer had not paid the balance due, was incorrect because the buyer perfected the sale eight days before Judge Ballard entered his orders. Regardless, the judge found that

> [t]he real source of the mischief created in this unfortunate saga is the abject failure of . . . [d]efendant

---

[6] The judge signed the order without knowledge of defendant's pending motion to vacate. He noted that had he been aware of the pending motion, he would not have signed the consent order. Accordingly, he vacated the consent order on February 19, 2019, based upon incomplete non-disclosed facts. See RPC 3.3(a)(5) and 3.3(d).

A-3296-18T3

> to serve [the buyer] with his December[] 2017 motion to vacate the sale and extend the period of redemption. Rule 4:65-5 is clear that notice "be given to all persons in interest." This would certainly include [the buyer].
>
> If [d]efendant served [the buyer], Judge Ballard would have had all parties before him prior to deciding . . . [d]efendant's motions, and we would not be where we are today in this complicated trail of misadventure. . . . Defendant is the architect of his current misfortune.

The judge found that in the current posture, because the buyer had made significant improvements and placed a tenant in the property, "[t]he existing leasehold interest and property improvements made cannot be undone." The judge noted there was "nothing in the motion record to establish that [the buyer] is anything less than an innocent third[]party who took title in good faith and in reliance thereon, made improvements to the property."

Based on these findings, the judge reasoned that the balance of equities favored denial of defendant's motion, as defendant was "the party whose act first could have prevented the loss." See Zucker v. Silverstein, 134 N.J. Super. 39, 52 (App. Div. 1975) ("[A]s between two innocent groups equity will impose the loss on the group whose act first could have prevented the loss.").

This appeal ensued.

On appeal, defendant presents the following argument for our review:

I. The trial court erred by disregarding the finality of the January 19, 2018 [o]rder of the Hon. Robert Ballard, J.S.C. which vacated the sale.

We review a trial judge's decision declining to set aside a sheriff's sale for an abuse of discretion. See United States v. Scurry, 193 N.J. 492, 503 (2008); First Tr. Nat'l Assoc. v. Merola, 319 N.J. Super. 44, 49 (App. Div. 1999). Therefore, we defer to the judge's decision unless it was based on "a misconception of the applicable law." Merola, 319 N.J. Super. at 49 (quoting O'Neill v. City of Newark, 304 N.J. Super. 543, 550 (App. Div. 1997)).

Rule 4:65-5 governs sheriff's sales and objections. When a sheriff is authorized to sell real property, he or she "shall deliver a good and sufficient conveyance in pursuance of the sale unless a motion for the hearing of an objection to the sale is served within [ten] days after the sale or at any time thereafter before the delivery of the conveyance." R. 4:65-5. The party objecting must give notice "to all persons in interest." Ibid.

Rule 4:65-5 grants a debtor the "absolute right to redeem the property by tendering the full amount due" during the ten days following a sheriff's sale. Brookshire Equities, LLC v. Montaquiza, 346 N.J. Super. 310, 315 (App. Div. 2002) (citing Hardyston Nat'l Bank of Hamburg v. Tartamella, 56 N.J. 508, 513 (1970)). A debtor may extend this period by filing an objection to the sheriff's

sale within the ten-day period.  Id. at 316 (citing Hardyston, 56 N.J. at 513).  Under limited circumstances, a debtor may be permitted to file an objection "after the ten-day period and before conveyance of the deed," provided there is a "valid ground for objection."  Id. at 317.  Examples include "fraud, accident, surprise, irregularity, or impropriety in the sheriff's sale."  Ibid. (citing Orange Land Co. v. Bender, 96 N.J. Super. 158, 164 (App. Div. 1967)).

As Judge Rogers found, defendant indisputably failed to object to the sheriff's sale within ten days as required by Rule 4:65-5.  Thus, under the plain language of the Rule, defendant failed to preserve its opportunity to object at a later time, unless he could establish a valid ground for an extension.  We conclude that defendant failed to establish any "fraud, accident, surprise, irregularity, or impropriety in the sheriff's sale."  Brookshire Equities, 346 N.J. Super. at 317.  In that regard, defendant's unsworn assertion that he contacted the sheriff's department on several occasions to obtain a redemption amount does not excuse his failure to file an objection within ten days of the sale.  As Judge Rogers found, defendant knew the property was sold on November 14, 2017, and he knew he objected to the sale as he himself wanted to redeem the property.  Had he timely filed an objection, under the plain language of the Rule, he could have obtained the redemption amount after the ten days, as the

objection would have allowed an extension of time. Instead, he first filed a motion to extend the redemption period on December 20, 2017, more than a month after the sheriff's sale. Thus, we conclude that defendant's failure to establish legal grounds for an extension alone warranted denial of the motion to vacate the transfer of title.

Moreover, we agree with Judge Rogers' conclusion that the equities tilted in favor of the motion's denial. As the judge stated,

> [t]he real source of the mischief created in this unfortunate saga is the abject failure of . . . [d]efendant to serve [the buyer] with his December[] 2017 motion to vacate the sale and extend the period of redemption. Rule 4:65-5 is clear that notice "be given to all persons in interest." This would certainly include [the buyer].
>
> If [d]efendant served [the buyer], Judge Ballard would have had all parties before him prior to deciding . . . [d]efendant's motions, and we would not be where we are today in this complicated trail of misadventure. . . . Defendant is the architect of his current misfortune.

We agree. The buyer, having no reason to know of defendant's efforts to undo the sale, perfected the purchase a year before the current application was heard. In the interim, the buyer made significant improvements to the property and placed a tenant in the unit.

Although there was no legal basis for extending the time to redeem, we briefly address defendant's argument that he was entitled to rely on Judge

Ballard's January 19, 2018 order vacating the sheriff's sale. We find this argument is without merit. At the time Judge Ballard entered the order, he was unaware that the deed had been transferred to the buyer. Rule 4:65-5 plainly states that redemption can only occur up until the delivery of the conveyance. Because the conveyance already occurred, the order has no legal effect.

To the extent we have not addressed defendant's remaining arguments, we conclude that they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3296-18T3