**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0558-22

U.S. BANK NATIONAL
ASSOCIATION, NOT IN ITS
INDIVIDUAL CAPACITY BUT
SOLELY AS TRUSTEE FOR
MAROON PLAINS TRUST,

     Plaintiff-Respondent,

v.

MELVIN DOUGLAS,

     Defendant-Appellant,

and

BERKLEY ARMS CONDOMINIUM
ASSOCIATION, INC.,

     Defendant.

_____

Submitted October 10, 2023 – Decided November 13, 2023

Before Judges Marczyk and Chase.

On appeal from the Superior Court of New Jersey, Chancery Division, Bergen County, Docket No. F-039710-15.

Melvin O. Douglas, Jr., appellant pro se.

Knuckles, Komosinski & Manfro, LLP, attorneys for respondent (John E. Brigandi, on the brief).

PER CURIAM

In this residential foreclosure action, defendant Melvin Douglas appeals pro se from the Chancery Division's October 7, 2022 order denying defendant's motion to vacate the sheriff's sale. Based on our review of the record, applicable legal principles, and arguments of the parties, we affirm.

In November 2006, defendant executed a promissory note and mortgage in the sum of $276,906.09 in favor of plaintiff U.S. Bank Trust National Association, as Trustee for Maroon Plains Trust's predecessor, secured against the property in South Hackensack. Defendant defaulted in July 2008. In October 2016, the note and mortgage were subsequently assigned to plaintiff.

This foreclosure action was commenced by plaintiff's predecessor in December 2015. A final judgment was entered against defendant in the amount of $633,298.73 in July 2019. Thereafter, plaintiff attempted to schedule a sheriff's sale that was delayed when defendant exercised his rights to statutory adjournments. There were further delays occasioned by defendant's multiple bankruptcy proceedings. The sheriff's sale eventually took place in June 2022.

2

Thereafter, the sheriff's deed conveying the property was provided to plaintiff's counsel.

Defendant then moved to vacate the sheriff's sale, which was denied, along with defendant's motion for reconsideration. Defendant did not appeal, but then again moved to vacate the sheriff's sale, which was denied in October 2022. This appeal followed.

Defendant asserts there is no evidence to prove plaintiff was the successful bidder at the sheriff's sale. Defendant further asserts the record contains no certification of an execution of a sale from the Bergen County Sheriff, no evidence of an affidavit of publication of advertisement, and no proof of posting or report of sale.

Plaintiff counters each argument and provides a separate appendix providing the documents evidencing the sheriff's sale of the property at the highest price, along with proof of advertisement, coupled with correspondence served on plaintiff providing the date of the adjourned sale.

We review an order granting or denying a motion to vacate a sheriff's sale for abuse of discretion. United States v. Scurry, 193 N.J. 492, 502-03 (2008). An abuse of discretion arises "when a decision is 'made without a rational explanation, inexplicably departed from established policies, or rested on an

A-0558-22

impermissible basis.'"  U.S. Bank Nat'l Ass'n v. Guillaume, 209 N.J. 449, 467-68 (2012) (quoting Iliadis v. Wal-Mart Stores, Inc., 191 N.J. 88, 123 (2007)).

Rule 4:65-5 governs sheriff's sales and objections to such sales.  The Rule establishes a ten-day period for filing an objection to a sheriff's sale.  See Hardyston Nat'l Bank of Hamburg v. Tartamella, 56 N.J. 508, 513 (1970).  "A sheriff's sale is automatically confirmed after ten days without an objection being filed."  Brookshire Equities, LLC v. Montaquiza, 346 N.J. Super. 310, 316 (App. Div. 2002) (citing Tartamella, 56 N.J. at 511).  A party may be allowed to file an objection "after the ten-day period and before conveyance of the deed[,]" provided there is "some valid ground for objection."  Id. at 317.  Valid grounds include "fraud, accident, surprise, irregularity, or impropriety in the sheriff's sale."  Ibid. (citing Orange Land Co. v. Bender, 96 N.J. Super. 158, 164 (App. Div. 1967)).

The court issued a comprehensive written decision finding the sale was conducted in the normal course, was properly advertised, and defendant received appropriate notice.  The court further determined the sale had competitive bidding, and defendant had failed to establish any evidence of fraud, irregularity, or any other impropriety to warrant vacating the sheriff's sale.

4

We reject defendant's arguments and affirm substantially for the same reasons expressed by the motion judge. Defendant failed to identify any irregularity in the sheriff's sale justifying an order vacating the sheriff's sale. Defendant failed to establish any fraud, accident, mistake, lack of notice, or improper service. The burden of producing evidence of an improper sale was on defendant and not on plaintiff to prove a validly conducted sale. See E. Jersey Sav. & Loan Ass'n v. Shatto, 226 N.J. Super. 473, 476 (Ch. Div. 1987). We are satisfied the motion judge did not abuse her discretion when she denied defendant's motion and confirmed the sheriff's sale of defendant's property.

To the extent we have not specifically addressed any other contentions raised by defendant, they lack sufficient merit to warrant discussion in this opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0558-22