NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2007-23

WELLS FARGO BANK,
NATIONAL ASSOCIATION
AS TRUSTEE FOR SOUNDVIEW
HOME LOAN TRUST 2007-OPTI,
ASSET-BACKED CERTIFICATES,
SERIES 2007-OPTI,

     Plaintiff-Respondent,

v.

MURIEL T. BOONE,

     Defendant-Appellant.

_____

Submitted on December 10, 2024 – Decided February 12, 2025

Before Judges Gilson and Augostini.

On appeal from the Superior Court of New Jersey, Chancery Division, Bergen County, Docket No. F-000526-21.

Law Office of Shmuel Klein PA, attorney for appellant (Shmuel Klein, on the brief).

Duane Morris LLP, attorneys for respondent (Brett L. Messinger and James C. Carignan, on the brief).

PER CURIAM

Defendant Administrator of the Estate of Muriel T. Boone (Boone) appeals from the Chancery Division's March 4, 2024, order denying his motion to set aside an October 27, 2023, sheriff's sale of property (the Property) to a third-party purchaser. We affirm.

I.

On February 22, 2007, Boone executed a promissory note and mortgage in the amount of $324,995 on property located at 23 Avenue A, in Mahwah, New Jersey. On April 1, 2019, the loan went into default.

On January 29, 2021, plaintiff filed a foreclosure complaint. Service of the complaint was effectuated via publication; Boone did not file an answer. Default was entered, and on July 27, 2021, plaintiff filed a motion for final judgment. On August 26, 2021, the court issued a final foreclosure judgment and Writ of Execution. On February 1, 2022, a Corrective Writ of Execution was issued.

On July 25, 2022, Boone filed a Chapter 13 bankruptcy petition. An automatic stay pursuant to 11 U.S.C. § 362 went into effect with respect to the foreclosure action regarding the Property.

2

Boone died intestate on July 9, 2023. The Administrator acknowledges that Boone had no spouse, children, or siblings, and the only heirs were distant nieces and nephews.

On September 11, 2023, an order was entered terminating the bankruptcy matter. On October 27, 2023, a public sheriff's sale of the Property was conducted. The Property was sold to a third-party purchaser, and the sheriff's deed was executed on November 28, 2023, and recorded on January 4, 2024.

On January 19, 2024, the Administrator, having been appointed to oversee Boone's estate, filed an order to show cause seeking to vacate the sale of the Property, arguing the sale was void due to lack of notice. Plaintiff opposed the motion, contending the Administrator's motion was filed out-of-time.

On March 4, 2024, the court entered an order and accompanying statement of reasons denying the Administrator's motion to vacate. The court reasoned that the Administrator filed his motion well beyond the deadline established by Rule 4:65-5, the authority he relied upon was inapposite, and there were no irregularities in the sale due to lack of notice. This appeal follows.

II.

We review an order denying a motion to vacate a sheriff's sale for abuse of discretion. United States v. Scurry, 193 N.J. 492, 502-03 (2008). An abuse

3

of discretion arises "when a decision is 'made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" U.S. Bank Nat'l Ass'n v. Guillaume, 209 N.J. 449, 467 (2012) (quoting Iliadis v. Wal-Mart Stores, Inc., 191 N.J. 88, 123 (2007)) (internal quotation marks omitted).

It is well-settled that a court has the authority to set aside a sheriff's sale and order a resale of the property. First Tr. Nat'l Ass'n v. Merola, 319 N.J. Super. 44, 49 (App. Div. 1999). "[T]he exercise of this power is discretionary and must be based on considerations of equity and justice." Ibid. "[A] judicial sale may be set aside 'by reasons of fraud, accident, surprise, or mistake, irregularities in the conduct of the sale, and so on.'" Ibid. (quoting Karel v. Davis, 122 N.J. Eq. 526, 528 (E. & A. 1937)). An appellate court accords deference to such decisions in the absence of "a misconception of the applicable law." O'Neill v. City of Newark, 304 N.J. Super. 543, 550 (App. Div. 1997).

Once a foreclosure final judgment is entered and docketed, a judgment creditor delivers a writ of execution to the sheriff. See N.J.S.A. 2A:16-1; N.J.S.A. 2A:17-10; see also Borromeo v. DiFlorio, 409 N.J. Super. 124, 136 (App. Div. 2009). Upon receipt of a valid writ of execution, the sheriff is

authorized to levy the property and conduct a sale of the property. Borromeo, 409 N.J. Super. at 137.

Rule 4:65-2 governs a sheriff's sale of residential property and requires the seller to provide notice to the record owner of the property. The Rule provides:

> If real or personal property is authorized by court order or writ of execution to be sold at public sale, notice of the sale shall be posted in the office of the sheriff of the county or counties where the property is located, and also, in the case of real property, on the premises to be sold, but need not be posted in any other place. If the premises are residential, the notice of sale shall have annexed thereto, in bold type of at least 14-point, the notice of tenants' rights during foreclosure in the form prescribed by Appendix XII-K of the rules of court. The party who obtained the order or writ shall, at least [ten] days prior to the date set for sale, serve a notice of sale by registered or certified mail, return receipt requested, upon (1) every party who has appeared in the action giving rise to the order or writ and (2) the owner of record of the property as of the date of commencement of the action whether or not appearing in the action, and (3) except in mortgage foreclosure actions, every other person having an ownership or lien interest that is to be divested by the sale and is recorded in the office of the Superior Court Clerk, the United States District Court Clerk or the county recording officer, and in the case of personal property, recorded or filed in pertinent public records of security interests, provided, however, that the name and address of the person in interest is reasonably ascertainable from the public record in which the interest is noted. The notice of sale shall include notice

5

that there may be surplus money and the procedure for claiming it. The party obtaining the order or writ may also file the notice of sale with the county recording officer in the county in which the real estate is situate, pursuant to N.J.S.A. 46:26A-11, and such filing shall have the effect of the notice of settlement as therein provided.

[R. 4:65-2.]

A motion to set aside a sheriff's sale is governed by Rule 4:65-5, which states:

A sheriff who is authorized or ordered to sell real estate shall deliver a good and sufficient conveyance in pursuance of the sale unless a motion for the hearing of an objection to the sale is served within [ten] days after the sale or at any time thereafter before the delivery of the conveyance. Notice of the motion shall be given to all persons in interest, and the motion shall be made returnable not later than [twenty] days after the sale, unless the court otherwise orders. On the motion, the court may summarily dispose of the objection; and if it approves the sale and is satisfied that the real estate was sold at its highest and best price at the time of the sale, it may confirm the sale as valid and effectual and direct the sheriff to deliver a conveyance as aforesaid.

"During the ten-day period, a mortgagor has an absolute right to redeem the property by tendering the full amount due on the mortgage." Brookshire Equities, LLC v. Montaquiza, 346 N.J. Super. 310, 315 (App. Div. 2002) (citing Hardyston Nat'l Bank v. Tartamella, 56 N.J. 508, 513 (1970)). Once the ten-day period expires "without an objection being filed," the sale is confirmed. Id. at 316 (citing Tartamella, 56 N.J. at 511).

6

The Administrator argues that because the record property owner was deceased at the time of the sheriff's sale and notice to her could not be effectuated, the sheriff's sale should be vacated. Plaintiff counters that because the corrective writ of execution, issued on February 1, 2022, was issued in advance of Boone's death, and her death did not stay the execution, the sale was valid.

Pursuant to Rule 4:65-5, any objection to a sheriff's sale must be raised within ten days of the sale or "any time thereafter before the delivery of the conveyance." The motion judge found that the sheriff's sale was conducted on October 27, 2023, and the Administrator's motion to vacate the sale was filed on January 19, 2024, well beyond the time limit set forth in Rule 4:65-5.

The Administrator relies upon N.J.S.A. 2A:23A-15 in support of his assertion that the sale should have been stayed following Boone's death. N.J.S.A. 2A:23A-15, under the New Jersey Alternative Procedure for Dispute Resolution Act (the Act), provides:

> When a party dies after making a written agreement to submit a controversy to alternative resolution, the proceedings may be initiated or continued upon the application of, or upon notice to, the party's executor or administrator or, when it relates to real property, the party's distributee or devisee who has succeeded to the party's interest in the real property. When a custodian of the property or a guardian of the person of a party to

7

an agreement is appointed, the proceedings may be continued upon the application of, or notice to, the custodian or guardian. Upon the death or incompetency of a party, the court may extend the time within which an application to confirm, vacate or modify the award or to stay alternative resolution must be made. Where a party has died since an award was delivered, the proceedings thereupon are the same as when a party dies after a verdict.

This provision under the Act does not govern the case before us. As the motion judge pointed out, this statute "allows the court to stay alternative resolution proceedings following the death of a party . . . ." There is no evidence that this case was the subject of an alternative resolution proceeding, making this provision inapplicable.

A writ of execution, which "is the equivalent of a court order," grants authority to "the sheriff to sell and convey lands . . . to satisfy a debt . . . ." Borromeo, 409 N.J. Super. at 139. Once issued, the writ permits the county sheriff "to endorse the writ and post it on the property of another." Id. at 140 (citing N.J.S.A. 2A:16-1; R. 4:65-2). In this case, the writ was issued and posted on Boone's property before her death.

Plaintiff relies on In re Est. of Eagleson, 172 N.J. Super. 98 (App. Div. 1980), where we recognized that execution is the "crucial event" and the "subsequent death of the judgment debtor is of no effect and the sale proceeds

as if the death had not occurred." 172 N.J. Super. at 103-04. In Eagleson, as in this case, the writ of execution was obtained before the debtor died, and the sheriff's sale occurred after his death. The estate argued, as does the Administrator, that the execution should have been stayed because of the debtor's death, and thus, the sale must be invalidated. However, the Administrator provides no relevant legal authority supporting this contention. Further, there was no evidence that the writ of execution was invalid.

The Administrator also relies on Rule 4:50-1(f) in support of his argument that the judgment should be vacated based upon defective service. His primary contention is that service was defective because until an administrator was appointed, there was no one standing in Boone's place to be served and exercise the right to redeem. The Administrator acknowledges that notice was sent to the mortgaged property, and the sheriff's deed confirms proper posting and publication. There was constructive notice provided to any entities that could claim an interest in the property by way of posting in the sheriff's office and at the property and publication weekly in two newspapers for the four-week period preceding the sale. As the motion judge concluded, and the substantial evidence in the record supports, prior to the sheriff's sale, notice was effectuated as required by Rule 4:65-2.

9

We discern no error in the motion judge's conclusion that there was no irregularity in the notice requirements. Moreover, we conclude the motion judge did not err in denying the Administrator's motion to vacate the October 27, 2023, sheriff's sale.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2007-23