**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1744-23

MSND FINANCIAL, LLC,

     Plaintiff-Respondent,

v.

187 LOVELADIES HOLDINGS,
LLC,

     Defendant-Respondent,

and

SCOTT FORBES and GINA
COURY GUARDINO,

     Defendants.

_____

187 NAUTILIS DR LLC,

     Appellant.

_____

Argued April 30, 2024 – Decided July 22, 2024

Before Judges Natali and Bergman.

On appeal from the Superior Court of New Jersey, Chancery Division, Ocean County, Docket No. F-006797-20.

Michael J. Jurista argued the cause for appellant (Jurista Law, LLC, attorneys; Michael J. Jurista, on the brief).

Joseph M. Casello argued the cause for respondents 187 Loveladies Holdings, LLC (Collins, Vella & Casello, LLC, attorneys; Joseph M. Casello, on the brief).

PER CURIAM

In this residential foreclosure action, appellant and successful third-party bidder 187 Nautilis Dr., LLC[1] (appellant) challenges a February 5, 2024 Chancery Division Order that partially granted defendant 187 Loveladies Holdings, LLC's (defendant) motion in which it objected to a sheriff's sale pursuant to Rule 4:65-5 and sought to redeem the foreclosed property. Because we are satisfied the court erred in granting defendant that relief, we reverse and vacate the stay we entered.

I.

We begin by reciting the pertinent and uncontested facts in the record. Defendant owned a single-family home located at 187 Nautilus Drive in

---

[1] Based upon the record before us, it does not appear appellant moved to intervene in the foreclosure matter pursuant to Rule 4:33. Defendant does not challenge appellant's standing to appeal the order.

Loveladies. Plaintiff MSND Financial, LLC, the mortgagee, obtained a final judgment in foreclosure and the property was set to be sold at sheriff's sale on August 15, 2023. After defendant twice requested and received an adjournment, the sale was scheduled to occur on October 10, 2023. At 2:09 p.m. on October 10, 2023, appellant successfully bid $1,255,000 for the property.

Minutes later, at 2:17 p.m., Scott Forbes, defendant's managing member, filed a Chapter 11 bankruptcy petition on defendant's behalf. The bankruptcy created an automatic stay,[2] and the sheriff accordingly was barred from delivering the deed to appellant. On December 12, 2023, the first day following the sixty-day extension to cure defaults provided by 11 U.S.C. § 108(b), plaintiff filed a motion for relief from the automatic stay in the United States Bankruptcy Court for the District of New Jersey.[3]

Seventy-nine days after the sheriff's sale, on December 28, 2023, defendant filed a motion objecting to the sheriff's sale pursuant to Rule 4:65-5. Defendant contended it did not receive adequate notice of the sale's completion, and there was no proof the sheriff's sale was completed prior to its bankruptcy

---

[2] See 11 U.S.C. § 362.

[3] At oral argument on appeal, the parties advised the panel the stay had been lifted.

A-1744-23

filing. It also asserted the purported timing of its bankruptcy filing created an automatic stay that should have prevented the sale from occurring. Defendant requested the sale be vacated, appellant's purchase funds be returned, and any further sheriff's sale be stayed pending the bankruptcy proceedings.

In support, defendant submitted Forbes' certification dated December 28, 2023, in which he stated he filed bankruptcy on defendant's behalf on October 10, 2023 at 2:17 p.m., and noted plaintiff "produced no document from the Sheriff of Ocean County corroborating th[e] allegation" that the sale was concluded at 2:09 p.m. Forbes also confirmed defendant "never received formal notice that the property . . . was sold at sheriff's sale or that the time for redeeming the property had commenced."

Appellant responded by submitting the certification of its managing member, Yaakov Fishman. Fishman certified he had attended the sheriff's sale, unlike Forbes, and recorded the time of completion as 2:09 p.m., consistent with his practice when bidding at sheriff's sales. Appellant also provided a receipt from the Ocean County Sheriff, which had 2:09 p.m. handwritten at the bottom.

In addition, appellant presented the certification of Michael S. Ackerman, Esq., plaintiff's attorney, who stated another attorney, Leonardo Hernandez, Esq., attended the sale on plaintiff's behalf. Following the sale, Ackerman

explained, Hernandez "reported to [him] that the sale was held and concluded at 2:09 [p.m.]." Additionally, Ackerman certified he contacted the Ocean County Sheriff's Office on October 11, 2023, and confirmed with a supervisor there "the sale was concluded at 2:09 [p.m.] on October 10, 2023."

In its reply brief before the Chancery Division, defendant also asserted, for the first time, it had the right to redeem the property as the deed had not been delivered to appellant and it possessed the necessary funds to do so. According to defendant, its counsel requested the redemption amount from the Ocean County Sheriff three times during January 2024, but the sheriff's office failed to provide it. As plaintiff's counsel confirmed on the record, at some point prior, plaintiff's counsel asked the sheriff's office not to provide defendant with redemption information as counsel believed defendant no longer had a right to redeem.

After considering the parties' submissions and oral arguments, the court issued an order on February 5, 2024 which denied defendant's request to set aside the sheriff's sale, but nevertheless ordered defendant be permitted to redeem the property.[4] In its written statement of reasons, the court first rejected

---

[4] The court also submitted an amplification pursuant to Rule 2:5-1(d) which corrected a typographical error and added a sentence to its February 5, 2024

defendant's contention that notice of the sale's completion was insufficient, explaining there was "no duty to advise the borrower that the property was sold and when the [d]efendant's right of redemption had started to run." Further, based on the parties' submissions, the court specifically found the sale concluded at 2:09 p.m. on October 10, 2023, and defendant filed for bankruptcy "five minutes after the sale."

The court next considered "whether the right to redeem is expanded until such time as the sheriff delivers the deed or whether it automatically terminates with the passage of ten days." It explained under Brookshire Equities v. Montaquiza, 346 N.J. Super. 310, 315 (App. Div. 2002), a mortgagor has an absolute right to redeem the property by tendering the full amount due during the ten days following a sheriff's sale. The court also noted Rule 4:65-5 "acknowledges and expressly provides for an additional procedure by which a mortgagor may interpose an objection to a sheriff's sale within [ten] days following the sale or at any time thereafter before the delivery of the conveyance." The court found the plain language of Rule 4:65-5

---

opinion. After noting it denied defendant's motion objecting to the sheriff's sale in part as to the notice of sale, the court found "the period of redemption has not expired as the [s]heriff's deed has not been delivered to the third-party purchaser."

"demonstrate[s] that the right to object to a sheriff's sale continues until the deed is delivered."

The court further relied upon Mercury Capital Corp. v. Freehold Office Park, Ltd., 363 N.J. Super. 235 (Ch. Div. 2003), noting while that decision was not binding on it, the court's holding "provide[d] guidance on the resolution of this issue" and was "compelling and highly persuasive." The court explained Mercury Capital held Rule 4:65-5 "unquestionably indicates that the right to object is not finally terminated until the sheriff delivers a deed to the successful bidder." The court stressed the Rule dictates the sheriff shall deliver the deed "unless a motion for the hearing of an objection to the sale is served within ten (10) days after the sale or at any time thereafter before the delivery of the conveyance." The court also concluded, relying upon Mercury Capital and its interpretation of Brookshire Equities and Hardyston National Bank v. Tartamella, 56 N.J. 508 (1970), the ten-day period applied to both the right to redeem and the right to file an objection, and such period may be extended due to a bankruptcy filing.

Ultimately, the court rejected plaintiff's and appellant's arguments and concluded "while the [d]efendant's objection to the [s]heriff['s] [s]ale has been rejected, its right to redeem has not expired, and therefor[e] [defendant] must be

7

provided the redemption information and given the opportunity to redeem its property within a reasonable period of time." It ordered plaintiff to provide defendant with a statement indicating the "payoff amount" within five days, and stated defendant had ten days from receipt of such statement to satisfy the "payoff amount." The court stated if defendant timely completes payment, the sheriff's sale would be set aside, and if payment was not made, the court would dismiss defendant's application and allow the sheriff's office to issue the deed to appellant.

Appellant sought a stay of the order, which the court granted for twenty-four hours to allow appellant to make an application to us. Appellant thereafter filed an emergent application seeking a stay pending appeal of the court's February 5, 2024 order, which we granted. Following oral argument, appellant submitted a letter advising of a pending tax foreclosure matter involving the property.

## II.

We begin by briefly discussing the standard applicable to our review. "[T]he appropriate standard of review of an application to open, vacate or otherwise set aside mortgage foreclosure proceedings is whether the trial court abused its discretion." United States v. Scurry, 193 N.J. 492, 503 (2008). We

review de novo, however, questions of law such as interpretation of our court Rules. DiFiore v. Pezic, 254 N.J. 212, 228 (2023). Under that standard, "a trial court's interpretation of the law and the legal consequences that flow from established facts are not entitled to any special deference." Rowe v. Bell & Gossett Co., 239 N.J. 531, 552 (2019) (quoting Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995)).

Before us, appellant argues a mortgagor loses its right of redemption if no objection and no attempt to redeem is made within the sixty-day period following a bankruptcy petition, under Brookshire Equities. It asserts defendant neither attempted to redeem nor filed any objection within the sixty-day period; rather, defendant filed its invalid objection to the sheriff's sale seventy-nine days after the sale. Appellant maintains "delivery of the deed by the sheriff is a ministerial act, routinely performed, which does not affect the redemption rights of the parties," and the court "failed to recognize the fundamental holding" of the cases on which it relied. Specifically, it argues "a mortgagor can file an objection under [Rule] 4:65-5 after the ten-day period and before conveyance of the deed but only if there exists a valid ground for objection."

Appellant contends defendant failed to raise a valid objection and notes the court "summarily rejected" the basis of defendant's motion. It asserts the

court's decision renders the ten-day and sixty-day redemption periods meaningless, and allowing mortgagors to redeem outside of such periods and without valid objections so long as the deed has not yet been delivered "will encourage mortgagors to do whatever it takes to stop the deed from being delivered, which is exactly what was done in this case." Appellant further contends such actions are inconsistent with the law and frustrate the purpose of sheriff's sales, which is to secure the highest and best price for the parties and achieve finality.

In requesting we affirm, defendant relies upon Hardyston, in which it contends the Supreme Court "made clear that the policy of New Jersey is to provide every opportunity for a defendant to redeem property from a sheriff's sale." It argues it should be given the opportunity to redeem its property regardless of any lodged objection to the sheriff's sale, and it is prepared to do so. Defendant maintains the plain language of Rule 4:65-5 dictates an objection to a sheriff's sale may be filed within ten days after the sale or anytime thereafter prior to the delivery of the deed, but a valid objection to the sheriff's sale is not required to redeem. It also relies on Mercury Capital for the proposition that "up until deed delivery, the mortgagor has two rights: object to the sale or redeem the property."

Notably, before us, defendant does not reprise its objections to the sale or challenge the court's decision on that ground. It makes no argument regarding the timing of the sale and its bankruptcy filing, the propriety of evidence supporting the court's conclusion as to that timing, or the sufficiency of notice. More specifically, defendant has not challenged before us the competent proofs as to the timing of the sheriff's sale contained in Fishman's certification.

"The right to redeem is the right of a mortgagor to reassert complete fee simple ownership of his property by paying the complete debt and any other charges assessed under the terms of the mortgage or under statutory provision." Borough of Merchantville v. Malik & Son, LLC, 218 N.J. 556, 567 (2014). In New Jersey, "an owner-mortgagor has a right to redeem the mortgaged property following foreclosure and [s]heriff's [s]ale, by the payment in full of the mortgage indebtedness, costs of foreclosure, and costs of sale." Ibid.

"A sheriff's sale is automatically confirmed after ten days without an objection being filed." Brookshire Equities, 346 N.J. Super. at 316. Where a timely objection to the sale is made, "the right to redeem continues until the disposition of the filed objections." Borough of Merchantville, 218 N.J. at 567. Rule 4:65-5 governs sheriff's sales and objections thereto and, as relevant here, provides:

> A sheriff who is authorized or ordered to sell real estate shall deliver a good and sufficient conveyance in pursuance of the sale unless a motion for the hearing of an objection to the sale is served within [ten] days after the sale or at any time thereafter before the delivery of the conveyance.

This ten-day period is extended when the mortgagor has filed bankruptcy. 11 U.S.C. § 362 triggers an automatic stay of certain proceedings to collect upon debts and enforcement of judgments against a debtor's property upon filing a bankruptcy petition. Additionally, 11 U.S.C. § 108(b) provides:

> [I]f applicable nonbankruptcy law . . . fixes a period within which the debtor . . . may file any pleading, demand, notice, or proof of claim or loss, cure a default, or perform any other similar act, and such period has not expired before the date of the filing of the petition, the trustee may only file, cure, or perform, as the case may be, before the later of—
>
> (1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or
>
> (2) [sixty] days after the order for relief.
>
> [Emphasis added.]

As such, "when a bankruptcy petition is filed before the expiration of a statutory grace period, if need be § 108(b) can extend the grace period for [sixty] days from the date of the filing of the petition." In re Connors, 497 F.3d. 314, 321

12

A-1744-23

(3d. Cir. 2007) (quoting Counties Contracting & Constr. Co. v. Const. Life Ins. Co., 855 F.2d 1054, 1059 (3d Cir. 1988)).

In Hardyston, our Supreme Court explained the right to redeem is a "favored right" which was "devised by equity to protect [the mortgagor] from the forfeiture of his [or her] title." 56 N.J. at 513. The Court held "the just course is to permit the mortgagor to redeem within the ten-day period fixed by [Rule] 4:65-5 for objections to the sale and until an order confirming the sale if objections are filed under the [R]ule."[5] Ibid. Therefore, it affirmed the trial court's determination that the "mortgagor had an unqualified right to redeem the property within the ten-day period provided by [Rule] 4:65-5." Id. at 509 (emphasis added). The Court was not presented with the circumstance of a mortgagor's attempt to redeem outside that period.

Subsequently, in Brookshire Equities, we considered the propriety of an order denying the mortgagors' right to redeem and rejecting their objection filed approximately nine months after the sheriff's sale. 346 N.J. Super. at 313-14. The mortgagors had filed for bankruptcy eight days after the sheriff's sale, and

---

[5] At the time Hardyston was decided, the Rules required a confirmation order to finalize a sheriff's sale, but this requirement was subsequently eliminated "to streamline the process and cut back on paperwork," and sheriff's sales are now automatically confirmed after ten days if no objection is filed. Brookshire Equities, 346 N.J. Super. at 315.

A-1744-23

their objection was filed after the bankruptcy court vacated the automatic stay but prior to transfer of the deed to the successful purchaser. Id. at 314.

We affirmed, reasoning Rule 4:65-5 "extend[s] the period wherein redemption may occur . . . [but] a prerequisite of this extension is the filing of an objection within the ten-day period allowed by the rule." Id. at 316. Although a mortgagor may file an objection pursuant to Rule 4:65-5 after the ten-day period and before the deed is delivered, there must be "some valid ground for objection." Id. at 317. Valid grounds include "fraud, accident, surprise, irregularity, . . . impropriety in the sheriff's sale," or where "the price paid by the buyer . . . is below fair market value." Ibid. A bankruptcy filing, however, does not constitute a valid objection. Ibid. We concluded, because the mortgagors took no action within the sixty-day period, they were "out of time, and acted well beyond the period when they had the right to redeem their property." Id. at 316-17.

Applying these principles to the record before us, we are convinced the court erred in permitting defendant to redeem the property outside the ten- and sixty-day periods set forth in Rule 4:65-5 and 11 U.S.C. § 108(b)(2), respectively, absent a valid objection to the sheriff's sale. While Hardyston expressed a policy favoring redemption, its holding involved only redemption

14

attempts "within the ten-day period provided by [Rule] 4:65-5." 56 N.J. at 509. On the other hand, as in Brookshire Equities, in which the mortgagors failed to file a valid objection until after the sixty-day period had elapsed, here defendant failed to file any objection or make any attempt to redeem until seventy-nine days after the sheriff's sale.

We are satisfied, contrary to the court's and defendant's conclusions, Mercury Capital does not compel a different result. First, we note that decision is a Chancery Division opinion which is not binding upon us. See N.J. Highlands Coalition v. N.J. Dep't of Env'tl Prot., 456 N.J. Super. 590, 602 n.8 (App. Div. 2017) (noting published trial court opinion not binding on Appellate Division). While we acknowledge certain language in Mercury Capital supports defendant, notably its comment "[t]he plain language of the [R]ule [4:65-5] demonstrates that the right [to redeem] continues until the deed is delivered," 363 N.J. Super. at 240, we conclude the Mercury Capital decision is simply incompatible with Brookshire Equities, which has remained good law for over twenty years. Although we are not bound by our prior decisions, see State v. Harrell, 475 N.J. Super. 545, 564 (App. Div. 2023), we depart only in certain limited situations. See, e.g., State v. Rochat, 470 N.J. Super. 392, 439 (App. Div. 2022) (giving "due consideration" to prior decision's "carefully considered

statements"); <u>Gerszberg v. Jacuzzi Whirlpool Bath</u>, 286 N.J. Super. 197, 204 (App. Div. 1995) (declining to readdress issue decided in prior case which "has stood for twenty years without modification by rule or subsequent case law"); <u>see also</u> Pressler & Verniero, <u>Current N.J. Court Rules</u>, cmt. 3.3 on <u>R.</u> 1:36-3 (2024) (noting panels of the Appellate Division "have been reluctant to interfere in long-standing, unchallenged holdings of their co-equal panels, especially if doing so would unsettle years of established procedure").

In <u>Mercury Capital</u>, a mortgagor attempted to redeem a property twenty-two days after it was sold at a sheriff's sale but prior to delivery of the deed. 363 N.J. Super. at 237. The mortgagor then filed an objection contending the sale price was below fair market value and sought a restraint on the delivery of the deed. <u>Id.</u> at 238.

The court in <u>Mercury Capital</u> found <u>Hardyston</u> and <u>Brookshire Equities</u> "determined that the right of redemption persists so long as the right to object exists and both these rights co-exist so long as the sheriff has not delivered the deed to the purchaser." <u>Id.</u> at 242-43. It stated the ten-day period after the sale "represents a time frame within which the sheriff <u>cannot</u> deliver the deed and within which the mortgagor may redeem the property <u>notwithstanding the absence of an objection</u> to the sheriff's sale." <u>Id.</u> at 243 (emphasis in original).

16

Once the ten-day period has passed, the court reasoned, the sheriff is free to deliver the deed "unless a motion objecting to the sale is filed in the interim; in this way, after the passage of ten days, the burden of interrupting the post-sale process falls upon the mortgagor." Ibid.

Although it did not expressly rule upon the mortgagor's objection because it concluded the mortgagor should have been permitted to redeem, the court noted the allegation, if proven, of a sale price approximately $3 million below the property's recent appraisal value would justify setting aside the sale. Ibid. The court nevertheless concluded the right to redeem was not "tied to the sufficiency of the post-sale objection."[6] Id. at 248.

Contrariwise, Brookshire Equities makes clear the right to redeem is extended beyond ten days only if: (1) an objection is filed within the ten-day period pursuant to Rule 4:65-5, or (2) a valid objection is filed outside the ten-day period but prior to delivery of the deed. 346 N.J. Super. at 316-17; cf. Pressler & Verniero, Current N.J. Court Rules, cmt. 2.1 on R. 4:65-5 (2024)

---

[6] The court rejected the reasoning of another published trial court opinion, East Jersey Savings & Loan Association v. Shatto, 226 N.J. Super. 473 (Ch. Div. 1987), in which the court rejected the mortgagor's timely but non-meritorious objection to the sheriff's sale and subsequent attempt to redeem outside the ten-day period. Although Shatto also does not bind us, we note the Chancery Division in that case held the mortgagor was not entitled to redeem beyond the ten-day period absent a meritorious objection. Id. at 481-82.

A-1744-23

(noting "the right to redeem is lost if either redemption is not made or an objection is not filed within the ten-day period"). Neither of those events occurred here. Defendant filed no objection within either ten or sixty days of the sheriff's sale. And its untimely objections were rejected by the court, findings defendant does not challenge before us. Accordingly, defendant's failure to take action to preserve its rights within the required time resulted in the loss of its right to redeem.

Our decision is further supported by the Third Circuit's opinion in Connors, in which it considered whether a debtor could redeem a foreclosed property under New Jersey law after expiration of the sixty-day automatic bankruptcy stay. 497 F.3d at 317. The Third Circuit resolved a disagreement among New Jersey district courts with respect to whether the right to redeem ends when "the gavel falls at a foreclosure sale" or extends "until the deed is delivered to the winning bidder," reasoning the "gavel rule" was more appropriate. Id. at 318-19. The court concluded the proper period to redeem under New Jersey law is ten days, which may be extended to sixty days upon filing a bankruptcy petition, pursuant to 11 U.S.C. § 108(b). Id. at 321. Additionally, it explained, unlike the delivery of the deed, the sale requires notice to the debtor, which permits "ample opportunity to protect his or her

18

interests by filing a bankruptcy petition before the foreclosure sale" or by redeeming. Id. at 322-23.

We acknowledge the well-settled principle that "equity abhors a forfeiture." Dunkin' Donuts of Am., Inc. v. Middletown Donut Corp., 100 N.J. 166, 182 (1985). It is equally well-settled, however, that "equity follows the law," and will "generally conform to established rules and precedents." Id. at 183.

Simply put, we are convinced the balance of the equities simply do not favor defendant. Defendant offered no reasoned explanation for its failure to timely object or attempt to redeem the property. Despite receiving two adjournments of the sheriff's sale as was its right, defendant did not file for bankruptcy until after the sale's conclusion. It did not object or seek to redeem until nineteen days after expiration of the sixty-day bankruptcy stay. And, as the court concluded after considering the competent evidence presented which defendant has not challenged, defendant's objections lacked merit. Under Brookshire Equities, defendant's failure to timely object or to present a meritorious objection precluded it from redeeming the property outside the sixty-day period provided by its bankruptcy filing.

A-1744-23

Our stay of the court's order is lifted, except that the stay shall continue for twenty-four hours to allow the parties to seek emergent relief from the Supreme Court. Should any party file an emergent application with the Supreme Court, the stay shall continue until the Supreme Court disposes of that application, or until further order of the Court.

In light of our decision, we need not, and do not, reach appellant's argument regarding whether the court erred by granting defendant relief sought only in its reply brief.

Reversed. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office

CLERK OF THE APPELLATE DIVISION

A-1744-23